In re Terry Wayne RICHARDS, Debtor.

In re STATE OF OREGON, DEPARTMENT OF HUMAN RESOURCES, Plaintiff,

v.

Terry Wayne RICHARDS, Defendant.

Bankruptcy No. 381–03900.
Adv. No. 83–0141.

United States Bankruptcy Court, D. Oregon.

Sept. 13, 1983.

James Van Dyke, Portland, Or., for State of Oregon, Dept. of Human Resources.

Mark A. Sherman, McMinnville, Or., for Terry Wayne Richards.

## FINDINGS AND CONCLUSIONS

FOLGER JOHNSON, Bankruptcy Judge.

It appears that the Richards were separated for approximately a year. In order to obtain Aid for Dependent Children during this period the wife assigned any child support rights she had against the husband to the State of Oregon and was provided financial assistance from May 5, 1980, through April 30, 1981. This proceeding was submitted on stipulated facts and briefs, and the total amount furnished by the state is not shown.

In July, 1981, the state, on a show cause order to the husband where he appeared without an attorney, obtained a finding by the court that the husband had the ability to have paid $150.00 a month for child support during the year of separation, and an order directing him to pay $1,800.00 to the Department of Human Resources of the state at the rate of $75.00 a month starting July 28, 1981. It is stipulated that the judgment order was for child support and that it was not taken in connection with a divorce decree, separation agreement or property settlement agreement. $1,750.00 of this is unpaid.

Although the pretrial order sets forth only one issue of law, there are two that could control the outcome in the Bankruptcy Court. The first is whether the child support obligation, in order to be nondischargeable under 11 U.S.C. 523(a)(5)(A), must have arisen in connection with a separation agreement, divorce decree or property settlement agreement. When the Bankruptcy Code became effective October 1, 1979, that section read as follows:

"... to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of both spouse or child, in connection with a separation agreement, divorce decree, or property settlement agreement, but not to the extent that—

"(A) such debt is assigned to another entity, voluntarily, by operation of law, or otherwise; ..."

This necessarily resulted in the inequitable interpretation that the assignment of a child support obligation (other than a mere assignment for the purpose of collecting delinquent payments for the wife) made the debt dischargeable even though such assignment was to enable the state to advance the necessary support while the other spouse was not paying. This was remedied effective August 13, 1981, by § 2334 of Public Law No. 97–35 which provided:

"Sec. 2334. (a) Section 456 of the Social Security Act is amended by adding at the end thereof the following new subsection:

'(b) A debt which is a child support obligation assigned to a State under section 402(a)(26) is not released by a discharge in bankruptcy under title 11, United States Code.'.

(b) Section 523(a)(5)(A) of title 11, United States Code, is amended by inserting before the semicolon the following: '(other than debts assigned pursuant to section 402(a)(26) of the Social Security Act)'."

It was the intent of Congress that all matters relating to dischargeability and the discharge of debtors be found in the Bankruptcy Code and not as isolated provisions in nonbankruptcy laws. The only part of the Code amended by the above statute was subsection (A) of § 523(a)(5), leaving such subsection to apply only if the debt was otherwise nondischargeable under subsection (5). If it was nondischargeable, then the amendment acted to prevent the original subsection (A) from making it dischargeable through assignment to the state. The Bankruptcy Code made the wording of subsection (5) both more specific and more restrictive than the similar provision in the Bankruptcy Act. "Wife" was changed to include a spouse of either gender and a former spouse, and it was required that the alimony, maintenance or support be in con-

nection with a separation agreement, divorce decree or property settlement agreement.

3 Collier on Bankruptcy, ¶ 523.15[2] (15th ed. 1983) states:

"Section 523(a)(5) also excepts from the operation of a discharge debts for 'maintenance for, or support of both spouse or child.' This provision applies only 'in connection with a separation agreement, divorce decree, or property settlement agreement.' This qualifying clause did not appear in section 17a(7) of the Bankruptcy Act, and represents a significant change. Section 17a(7) was construed to apply to the common law liability involuntarily imposed upon the parent for support of a child. The provisions of section 523(a)(5) are clear that liability for maintenance and support are dischargeable unless the liability arises in connection with a separation agreement, divorce decree, or property settlement agreement. A mere agreement to pay for support and maintenance of children does not fall within the exception. Nor does clause (a)(5) include contracted liabilities for goods purchased (although these be necessaries), medical attention furnished or board supplied by a parent for the use and benefit of the wife or child."

It was stipulated that the debt did not arise in connection with a separation agreement, divorce decree or property settlement. The debt is therefore dischargeable and the exception in subsection (A) is immaterial. The Court does not agree with the holding in *In re Leach*, 15 B.R. 1005 (Bkrtcy.D.Conn.1981), that the Social Security Act intended to broaden the nondischargeability provisions of § 523(a)(5). It merely started by stating a general principle and made it specific by amending subsection (A). Subsection (a) of section 2334 states the policy of Congress to make child support payments nondischargeable, but it is subsection (b) that executes that policy and determines to what extent Congress wished it to apply. It is to be noted that Congress specifically excluded alimony from this change, and there is nothing to support the contention that Congress wished to change its previously established policy that the support payments must have resulted from a separation agreement, divorce decree or property settlement agreement.

The separation was a temporary one, the spouses were reconciled without any court action between them, and payments from the state had ceased before the judgment order was obtained against the husband. To permit enforcement of the judgment now might jeopardize the reconciliation and take away money now needed by the husband to support his wife and child. The Court believes that Congress acted advisedly in fixing definite boundaries to the area in which nondischargeable child support payments may be found.

In the case of *In re Cain*, 29 B.R. 591 (Bkrtcy.N.D.Ind.1983), the judge felt that the equities in favor of the nondischargeability of support payments resulting from a paternity suit were so compelling that he permitted them to override the clear language of the statute. No such equities exist here.

The other reason for holding against the state is that there was no assignable obligation owed by the husband to the wife at the time she executed the assignment demanded of her. It was only several months after all the support had been furnished that the state obtained an order that the husband could have paid a total of $1,800.00 during the period of state support and ordering him to pay it to the state over a two-year period. This could not act to create retroactively an assignable obligation a year earlier.

Judgment shall be entered in favor of defendant holding the debt to plaintiff discharged.