CUDAHY, Circuit Judge.
 

 Appellant challenges the decision of the Bankruptcy Court that his child support obligation, which had been assigned to the Illinois Department of Public Aid, was not dischargeable in bankruptcy. For the reasons stated below, we affirm.
 

 The relevant facts in this case were stipulated by the parties. In 1974, appellant, Eugene Stovall, and his wife separated pri- or to the birth of their fourth child. At that time, Mrs. Stovall applied for and received Aid to Families with Dependent Children (AFDC) through the Illinois Department of Public Aid; she has received such aid continuously since then. In 1975, the Stovalls were divorced. As part of the divorce action, appellant was ordered to pay to Mrs. Stovall $80.00 per week in child support, commencing on October 31, 1975. When appellant filed his bankruptcy petition in 1982, he had accumulated an arrear-age of $16,690.00 under the child support order. By that same date, the Illinois Department of Public Aid had paid to Mrs. Stovall a sum in excess of $24,000.00 in AFDC benefits.
 

 The effect of a discharge in bankruptcy on amounts the debtor owes for child support is governed by 11 U.S.C. § 523(a)(5).
 
 [1]
 
 Debts which are owed to a spouse, former spouse or child of the debtor are not dis-chargeable unless they have been assigned. Child support debts which have been assigned pursuant to section 402(a)(26) of the Social Security Act, 42 U.S.C. § 602(a)(26), are also not dischargeable. Appellant acknowledges that his child support obligation and the resultant debt have been assigned to the Illinois Department of Public Aid by force of Ill.Rev.Stat., ch. 23, § 10-1.
 
 [2]
 
 
 *1135
 
 However, he argues that this debt was not assigned pursuant to 42 U.S.C. § 602(a)(26) and that therefore it is dischargeable.
 

 Appellant bases his argument on the language of 42 U.S.C. § 602(a)(26) which reads, in relevant part, as follows:
 

 ... each applicant or recipient will be required — (A) to assign the State any rights to support from any other person such applicant may have (i) in his own behalf or in behalf of any other family member for whom the applicant is applying for or receiving aid, and (ii) which have accrued at the time such assignment is executed....
 

 Appellant contends that this language refers only to the actual moneys that 1) are due to the aid recipient or other designated person and 2) have accrued at the time of the assignment. Thus, in his view, all that is assigned pursuant to this statute are those sums which are in arrears at the time the aid recipient makes an assignment to the state agency. This argument is without merit.
 

 “[T]he starting point for interpreting a statute is the language of the statute itself. Absent a clearly expressed legislative intention to the contrary, that language must ordinarily be regarded as conclusive.”
 
 Consumer Product Safety Commission v. GTE Sylvania, Inc.,
 
 447 U.S. 102, 108, 100 S.Ct. 2051, 2056, 64 L.Ed.2d 766 (1980). Reading of the plain language of the statute shows that it refers to
 
 “rights
 
 ... which have accrued,” not to actual support moneys owed at the time of assignment (emphasis supplied). Among other things, the use of the plural verb “have” is a clear indication that the second subdivision relates to “rights” rather than to “support.”
 

 Congress intended the total support obligation to be assigned to the states. Section 602(a)(26) was designed to “require that a mother, as a condition of eligibility for welfare, assign her right to support payments to the State and cooperate in . .. obtaining any money or property due the family....” In addition, “the assignment of support rights will continue as long as the family continues to receive assistance.” S.Rep. No. 93-1356, 93rd Cong., 2d Sess.,
 
 reprinted in
 
 1974 U.S.Code Cong. & Adm. News 8133, 8152-53. This continuing right covers both arrearages accrued at the time of assignment and support payments which become due after the assignment. A related statute, 42 U.S.C. § 656, refers to the obligation assigned under section 602(a)(26). It makes reference in the main body of the text to “[t]he support rights assigned to the State” and provides methods for calculating the amount of the obligation. Section 656 also provides that such a debt is not extinguished by a discharge in bankruptcy. 42 U.S.C. § 656(b). When the bill implementing this section was approved by the Senate Finance Committee, the committee report stated that:
 

 The committee believes that a parent’s obligation to support his child is not one that should be allowed to be discharged by filing for bankruptcy, and that a child support obligation assigned to a State as a condition of AFDC eligibility should not be subject to termination in that way.
 

 Summary,
 
 reprinted in
 
 1981 U.S.Code Cong. & Adm.News 790. Again the discussion focuses on the whole obligation of support which the parent owes to the child. There is no expression of Congressional intent to limit the assignment to amounts in arrears at the time of the assignment.
 

 The Social Security Regulations provide that “[a]n assignment by operation of State law which is substantially identical [to 602(a)(26)]” may be utilized to satisfy this requirement. 45 C.F.R. § 232.11(b). The Illinois statute which assigned Mrs. Stovall’s rights to the state agency refers to “any and all rights, title, and interest in any support obligation.” The import of this language is entirely consistent with our reading of 42 U.S.C. § 602(a)(26).
 

 We are aware of only one other case which has addressed the argument that 42 U.S.C. § 602(a)(26) and 11 U.S.C. § 523 operate to provide an exception to discharge only for child support which is in arrears at the time of the assignment. In
 
 In Re Wilson,
 
 29 B.R. 254 (Bkrtcy.D.Kansas 1983), the bankruptcy court held, as we do here, that
 
 *1136
 
 the state law that assigned all rights to support to a state agency was an assignment pursuant to § 602(a)(26) and that the full amount owed to the state pursuant to such an assignment is not dischargeable in bankruptcy.
 

 Affirmed.
 

 [1]
 

 . 11 U.S.C. § 523. Exceptions to discharge,
 

 (a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—
 

 (5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree, or property settlement agreement, but not to the extent that—
 

 (A) such debt is assigned to another entity, voluntarily, by operation of law, or otherwise (other than debts assigned pursuant to section 402(a)(26) of the Social Security Act).
 

 [2]
 

 . Illinois Rev.Stat., ch. 23, § 10-1
 

 By accepting financial aid under this Code, a spouse or a parent or other person having custody of a child shall be deemed to have made assignment to the Illinois Department for aid under Articles III, IV, V and VII or to a local governmental unit for aid under Article VI of any and all rights, title, and interest in any support obligation up to the amount of financial aid provided. The rights to support assigned to the Illinois Department or local governmental unit shall constitute an obligation owed the State or local governmental unit by the person who is responsible for providing the support, and shall be collectible under all applicable processes.