### In re Ronald Eugene WALDEN and Mary Shirley Walden, Debtors.

### Ronald Eugene WALDEN, Plaintiff,

### v.

### STATE of Florida, DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, Defendant.

Bankruptcy No. 84–279–BK–J–7.
Adv. No. 85–38.

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

May 7, 1986.

Albert H. Mickler, Jacksonville, Fla., for plaintiff.

Robert J. Rao, Kissimmee, Fla., for defendant.

MEMORANDUM DECISION

GEORGE L. PROCTOR, Bankruptcy Judge.

This adversary proceeding was commenced by debtor, Ronald Eugene Walden, pursuant to 11 U.S.C. § 523(a)(5) to determine the dischargeability of a state court judgment in favor of State of Florida Department of Health and Rehabilitative Services.

Debtor and his former wife, Ann Walden, had two children, Charles and Chip Walden, as issue of their relationship. During October, 1975, Ann Walden applied for and received public assistance from the State of Florida pursuant to Title IV–A of the Social Security Act and F.S.A. § 409.235 *et seq.* On April 21, 1976, Ann Walden assigned her rights for child support to the State of Florida in an instrument entitled "Acknowledgment of Assignment of Rights to Support."[1] Debtor and Ann Walden were divorced on May 17, 1976. Jurisdiction over the defendant/husband, in the action for dissolution of marriage was based upon notice by publication rather than personal service of process. The divorce judgment did not therefore provide for child support. Ann Walden received public assistance through November, 1982.

The State of Florida Department of Health and Rehabilitative Services instituted suit against debtor as the responsible absent parent in state court for reimbursement of the public assistance advanced for the children. After trial on August 2, 1983, final judgment was entered for the State in the amount of $12,118.00. Paragraph 2 of the Final Judgment stated that

---

1. Exhibit No. 3, Acknowledgment of Assignment of Rights to Support.

debtor stipulated at trial to repay the debt in the amount of $150.00 per month.

Debtor filed his voluntary petition under 11 U.S.C. Chapter 7 on April 17, 1984, and obtained a discharge on August 6, 1984.

Generally, most properly scheduled debts are dischargeable. Child support obligations are excepted as a matter of public policy and found nondischargeable if made "in connection with a separation agreement, divorce decree, or other order of a court of record or property settlement agreement." 11 U.S.C. § 523(a)(5). If a support debt is assigned to another entity the debt is nondischargeable but only if the assignment is made pursuant to § 402(a)(26) of the Social Security Act, 42 U.S.C. § 602(a)(26).

A companion federal statute, § 456(b) of the Social Security Act, 42 U.S.C. § 656(b), likewise excepts from discharge in bankruptcy child support obligations assigned to a state pursuant to § 402(a)(26) of the Social Security Act, 42 U.S.C. § 602(a)(26). Although § 456(b) was repealed by The Bankruptcy Reform Act of 1978, this provision was reenacted in almost identical form in 1981 at the same time 11 U.S.C. § 523(a)(5) was amended to find nondischargeable child support obligations assigned to a state pursuant to § 402(a)(26) of the Social Security Act, 42 U.S.C. § 602(a)(26). Pub.L. 97–35, § 2334(b), 95 Stat. 863(1981).

Section 523(a)(5)(A) of the Bankruptcy Code and § 456(b) of the Social Security Act are virtually identical in that each excepts from discharge in bankruptcy a debt arising from money assistance paid by a state pursuant to Title IV–A and Title IV–E of the Social Security Act and assigned to the state pursuant to 42 U.S.C. § 602(a)(26). The only difference between the two statutes is that under a literal interpretation of 11 U.S.C. § 523(a)(5)(A) the underlying debt must arise "in connection with a separation agreement, divorce decree, or other order of a court of record or property settlement agreement." 11 U.S.C. § 523(a). See *In re Leach*, 15 B.R. 1005 (Bkrtcy, D.Conn.1981).

According to Senate Report 97–139, the purpose of the 1981 revisions was to

... reverse the effect of an amendment made by section 328 of P.L. 95–598 and reinstate a provision of the Social Security Act previously in effect, declaring that a child support obligation assigned to a State as a condition of AFDC eligibility is not discharged in bankruptcy. The Committee believes that a parent's obligation to support his child is not one that should be allowed to be discharged by filing for bankruptcy, and that a child support obligation assigned to a State as a condition of AFDC eligibility should not be subject to termination in that way.

S.Rep. No. 139, 97th Cong., 1st Sess. 523 (1981), 1981 U.S.Code Cong. & Ad.News § 764 at 789–90.

 This Court finds that a literal interpretation of 11 U.S.C. § 523(a)(5)(A) nullifies the express goal of Congress in amending § 523 and readopting 42 U.S.C. § 656(b). Therefore, the Court declines to follow *In re Leach*, supra, but instead adopts the analysis of *In re Mojica*, 30 B.R. 925 (Bkrtcy, E.D.N.Y. 1983). See also *In re Richards*, 33 B.R. 56 (Bkrtcy, D.Or. 1983), rev'd, *State of Oregon v. Richards*, 45 B.R. 811 (D.Or.1984).

The *Mojica* Court analyzed the legislative history of § 523(a)(5) and determined that Congress intended to except from discharge all legitimate debts for alimony or support, not just those that arose in a manner expressly enumerated in the statute. *Mojica*, supra, at 928. In conclusion, the Court held that "... Section 523(a)(5) was not properly drafted and should be interpreted to reflect the true spirit and intent of the law and not simply be given a literal interpretation."[2] *Id.* at 932.

**2.** See S. 1889, 99th Cong., 2d Sess., 132 Cong. Rec. S2145 (1986). On March 11, 1986, the Senate passed S.1889 to amend 11 U.S.C. § 523(a)(5) "by inserting after 'or other order of a court of record or' the following 'any order, rule, or determination made pursuant to a State administrative process for obtaining and supporting support orders.'" This amendment

Having determined that 11 U.S.C. § 523(a)(5)(A) and 42 U.S.C. § 656(b) should be interpreted identically, the Court turns to the issue of whether the subject $12,-118.00 is a debt assigned pursuant to § 402(a)(26) of the Social Security Act, 42 U.S.C. § 602(a)(26).

The Aid to Families with Dependent Children program (AFDC) is a federal program financed on a matching fund basis and administered by the states. 79 Am.Jur.2d, Welfare Laws, § 6 (1975). See also 42 U.S.C. §§ 601–610. States desirous of participating in the AFDC program are required to implement a plan for assistance and services in accordance with the terms of the 42 U.S.C. § 602. Absolute compliance with the terms of the federal legislation is mandated. *Rosado v. Wyman,* 397 U.S. 397, 90 S.Ct. 1207, 25 L.Ed.2d 442 (1970).

The State of Florida elected to participate in the program and enacted F.S.A. § 409.235 *et seq.* In § 409.2551, the Florida legislature stated that its intent was to augment commonlaw and statutory procedures by creating "additional remedies directed to the resources of the responsible parents." F.S.A. § 409.2551. It was declared as public policy of Florida that "children shall be maintained from the resources of responsible parents" and the financial burden shall not be "borne by the general citizenry." *Id.*

As a prerequisite to approval of an AFDC application, Florida law requires each applicant to have already brought and prosecuted in good faith a civil action for support if such a cause of action existed. F.S.A. § 409.245. This good faith prosecution requirement has a twofold purpose. It fulfills the policy of the State to make responsible parents bear the financial burden of their dependent children and it imposes an additional eligibility requirement not found in the federal AFDC standards. Since this standard narrows the class of persons eligible for AFDC benefits, the United States District Court in *Story v.*

*Roberts,* 352 F.Supp. 473 (M.D.Fla.1972), declared F.S.A. § 409.245 inconsistent with the Social Security Act and thus invalid under the Supremacy Clause of the Federal Constitution.

█ Debtor asserts that the mother of the children failed to institute a civil action for support prior to the accrual of the debt. He argues that this failure by the Department of Health and Rehabilitative Services to comply with F.S.A. § 409.245 precludes a valid assignment pursuant to 42 U.S.C. § 602(a)(26). The Court finds debtor's position to be without merit. First, although F.S.A. § 409.245 creates an eligibility standard it does not affect the validity of an assignment under 42 U.S.C. § 602(a)(26). Second, after the decision in *Story v. Roberts,* supra, an applicant could not be denied public assistance for failure to comply with F.S.A. § 409.245. Third, even though the Florida legislature ostensibly readopted F.S.A. § 409.245 through its 1977 amendments, Ann Walden applied for public assistance in 1975 while the validity of this section was in a quandary.[3] Fourth, F.S.A. § 409.245 is void to the extent it contradicts the terms of the AFDC Act. See *Tarver v. State, Dept. of Health, etc.,* 371 So.2d 190 (Fla.App. 4 Dist.1979).

The Court finds that compliance with F.S.A. § 409.245 is not required as a prerequisite to finding a valid assignment pursuant to 42 U.S.C. § 602(a)(26) and to finding a debt nondischargeable pursuant to either 11 U.S.C. § 523(a)(5)(A) or 42 U.S.C. § 656(b). Defendant need only prove that an assignment occurred in accordance with 42 U.S.C. § 602(a)(26).

Section 602(a)(26) provides as a condition of eligibility for aid that each applicant must

... assign the State any rights to support from any other person such applicant may have (i) in his own behalf or in behalf of any other family member for whom the applicant is applying for or

---

clarifies the Senate's intent to except from discharge support debts created by state law.

3. F.S.A. § 409.245 (1969), as amended by Fla. Laws 1977, Chapter 147, § 280.

receiving aid, and (ii) which have accrued at the time such assignment is executed....

42 U.S.C. § 602(a)(26).

There is no dispute that Ann Walden assigned her "rights" to the State of Florida in the written notice of assignment on April 21, 1976. This assignment encompassed any and all right, claim, title and interest which Ann Walden had or may have to child support obligations "owed, due and owing, or to be due and owing for the benefit of: Charles Walden and Chip Walden."[4] The plain language of 42 U.S.C. § 602(a)(26) only requires the assignment of *rights* that have accrued, not the assignment of an established debt. See *Matter of Stovall*, 721 F.2d 1133, 1135 (7th Cir.1983). The Court finds that the assignment executed by Ann Walden satisfies 42 U.S.C. § 602(a)(26) even though it is more extensive than is required by § 602(a)(26). See *Stovall*, supra; *In re Wilson*, 29 B.R. 254, 257 (Bkrtcy, D.Kan.1983). Debtor's assertion that only an accrued debt must be assigned in order for the debt to be nondischargeable is misplaced.

■ Even if the Court found that the Assignment executed by the mother was limited to the public assistance extended prior to the date of execution, a valid assignment pursuant to 42 U.S.C. § 602(a)(26) did occur. In 1976, the Florida legislature enacted § 409.2561 which states that any payment of public assistance benefits creates an obligation in the amount of assistance extended and that the acceptance of the public assistance is an assignment of support rights by operation of law. F.S.A. § 409.2561. Section 409.2561 was effective June 22, 1976,[5] two months after she executed the written assignment. This type of statutory assignment is sufficient if the assignment is substantially identical to 42 U.S.C. § 602(a)(26). *Stovall*, supra, citing 45 C.F.R. § 232.11(b). The Court finds that F.S.A. § 409.2561 is consistent with the requirements of 42 U.S.C. § 602(a)(26)

and that the requirements of 42 U.S.C. § 602(a)(26) are satisfied.

The $12,118.00 judgment entered in favor of defendant in the state court is a valid debt for support of debtor's children. Debtor acknowledged this obligation when he agreed to repay the public assistance benefits in the state court action. Any question of whether there was compliance with F.S.A. § 409.235 and whether a valid assignment occurred could have been raised and determined in the state court action between debtor and the State of Florida Department of Health and Rehabilitative Services.

For all the foregoing reasons, a separate final judgment will be entered in favor of the defendant, finding the debt to be an exception to the plaintiff's discharge.

---

**4.** Exhibit No. 3, *supra*, note 1.

**5.** F.S.A. § 409.245, *supra*, note 3.