FERGUSON, Circuit Judge,
dissenting:
The question before us is whether, in the absence of a court support order, Mrs. Ramirez had any rights to child support in her own behalf or in behalf of her children that had accrued at the time she applied for and received AFDC. If she did, then the child support obligation was assigned to the County under section 602(a)(26) of Title 42 of the United States Code and is not dis-chargeable by virtue of section 656(b) of the same Title. Because it is clear that under California law a child has a right to support that can be assigned, and because the legislative history of sections 602(a)(26) and 656(b), as well as the plain language of section 656(a), indicate that the rights to be assigned under section 602(a)(26) include child support obligations that have not yet been reduced to the form of a judgment, order, or agreement, I respectfully dissent.
I.
Congress specifically stated in the Social Services Amendments of 1974 that “[a] debt which is a child support obligation assigned to a State under section 602(a)(26) of this title is not released by a discharge in bankruptcy under Title 11.” 42 U.S.C. § 656(b). Section 602(a) provides:
A state plan for aid and services to needy families with children must ...
[[Image here]]
(26) provide that, as a condition of eligibility for aid, each applicant or recipient will be required—
(A) to assign the State any rights to support from any other person such applicant may have (i) in his own behalf or in behalf of any other family member for whom the applicant is applying for or receiving aid, and (ii) which have accrued at the time such assignment is executed. ... [1]
The legislative histories of sections 602(a)(26) and 656(b) indicate that the rights to be assigned under section 602(a)(26) include child support obligations that have not yet been reduced to a judgment, order, or agreement. See S.Rep. No. 1356, 93d Cong., 2d Sess., reprinted in 1974 U.S. Code Cong. & Ad. News 8133, 8152. In discussing the assignment of *1500 family support rights to the state as a condition of eligibility for child support, the Senate Committee Report expressly stated that:
The support obligation would become a debt owed by the absent father to the State. The amount of this debt would be determined by a court order if one were in existence. In the absence of a court order the amount of the obligation would be an amount determined by the State in accordance with a formula approved by the Secretary of HEW. Also, a provision has been included to assure that the rights of the wife and child are not discharged in bankruptcy merely because the support obligation is a debt to the State.
Id. at 8153 (emphasis added). When Congress reinstated section 656(b) in 1981,[2] the Committee Report stated:
The committee amendment would ... reinstate a provision of the Social Security Act, previously in effect, declaring that a child support obligation assigned to a State as a condition of AFDC eligibility is not discharged in bankruptcy. The committee believes that a parent’s obligation to support his child is not one that should be allowed to be discharged by filing for bankruptcy, and that a child support obligation assigned to a State as a condition of AFDC eligibility should not be subject to termination in that way.
S.Rep. No. 139, 97th Cong., 1st Sess. 523, reprinted in 1981 U.S. Code Cong. & Ad. News 396, 789-90.
In reinstating section 656(b), Congress reasserted its belief “that all children have the right to receive support from their fathers,” S.Rep. No. 1356, 93d Cong., 2d Sess., reprinted in 1974 U.S. Code Cong. & Ad. News 8133, 8146, and its hope that legislation such as sections 602(a)(26) and 656(b) would encourage noncustodial parents to continue supporting their families, rather than deserting them to welfare, id.
Section 656(a) is further evidence that Congress intended the rights assigned under section 602(a)(26) to include child support obligations not yet reduced to the form of a court order. Section 656(a) provides that the support rights assigned to the state under section 602(a)(26) constitute an obligation owed to the state by the individual responsible for the support and that the amount of that obligation is either:
(A) the amount specified in a court order which covers the assigned support rights, or
(B) if there is no court order, an amount determined by the State in accordance with a formula approved by the Secretary....
Section 656(a) (emphasis added). The provision at issue here, section 656(b), states that such an obligation is not released by a discharge in bankruptcy. It is therefore clear that Mr. Ramirez’s debt “is precisely the sort of debt intended to fall within the nondischargeability provision of section 656(b).” Oregon v. Richards, 45 B.R. 811, 816 (D.Ore.1984).
II.
California law establishes that a child’s rights to support are assignable to the county. California law provides that every child has a right to parental support and both parents have an equal responsibility to provide that support. Cal.Civ.Code §§ 196, 196a, 206, 242; see Carr v. Marshman, 147 Cal.App.3d 1117, 1121, 195 Cal.Rptr. 603, 606 (1983). The parents are obligated to the child and to the county for the child’s support, even in the absence of a dissolution decree ordering support payments. Crookham v. Smith, 68 Cal.App.3d 773, 777, 137 Cal.Rptr. 428, 431 (1977); Cal.Civ.Code § 208.
The responsibility to the child and to the county exists notwithstanding the parent’s lack of custody, Armstrong v. Armstrong, 15 Cal.3d 942, 947, 126 Cal.Rptr. 805, 807, 544 P.2d 941, 943 (1976): the absent parent *1501 has a continuing duty to support the child, Perez v. Singh, 21 Cal.App.3d 870, 872, 97 Cal.Rptr. 920, 921 (1971). Indeed, “[pjaren-tal liability for support of a minor child is of ancient origin.” County of Alameda v. Kaiser, 238 Cal.App.2d 815, 817, 48 Cal.Rptr. 343, 345 (1965). A minor child may sue “in his own name for support.” Amie v. Superior Court, 99 Cal.App.3d 421, 426, 160 Cal.Rptr. 271, 273 (1979).
In sum, the child has clear and definite rights to support under California law. Section 602(a)(26) (as well as CaLWelf. & Inst.Code § 11477(a)) allows the assignment of such rights that have acrued at the time of the assignment. “The word ‘accrue’ is defined as ‘1: to come into existence as a legally enforceable claim[;] 2: to come by way of increase or addition[;] 3: to be periodically accumulated whether as an increase or a decrease.’ ” In re Marriage of Shore, 71 Cal.App.3d 290, 295 n. 3, 139 Cal.Rptr. 349, 353 n. 3 (1977) (quoting Webster’s New Collegiate Dictionary 6 (7th ed. 1971)). The phrase “which have accrued at the time the assignment is executed” in section 602(a)(26), coupled with (1) section 656(a)’s method of determining the amount of the child support obligation assigned under section 602(a)(26) in the presence or absence of a court support order and (2) California’s definition of “accrue,” reinforces the conclusion that Mr. Ramirez’s debt was assigned to the county.
III.
In addition to ignoring clear congressional intent, the majority’s opinion creates a conflict with other circuit decisions. The Seventh Circuit, when addressing the same issue decided in this appeal, concluded that such a debt was nondischargeable in bankruptcy. In re Stovall, 721 F.2d 1133 (7th Cir.1983). In that case, Mrs. Stovall received AFDC payments beginning in 1974. Id. at 1134. No formal order was entered until 1975, id., but the court held that no AFDC payments were dischargeable in bankruptcy, including those prior to the order, id. Thus, the majority is incorrect when it states that Stovall found nondis-chargeable only those amounts arising pursuant to a court order. Stovall is, in that respect, indistinguishable from the case before us. In light of Congress’ clear intent, I would join with the Seventh Circuit and reverse the district court.

. The mandate of section 602(a)(26) is implemented in California by Cal. Welf. & Inst. Code § 11477(a):
As a condition of eligibility for aid paid under this chapter, each applicant or recipient shall:
(a) Assign to the county any rights to support from any other person such applicant may have in their own behalf or in behalf of any other family member for whom the applicant is applying for or receiving aid, and which have accrued at the time such assignment is made. Receipt of public assistance under this chapter shall operate as an assignment by operation of law....

. Congress had repealed section 656(b) in 1978. Pub. L. No. 95-598, sec. 328, 92 Stat. 2549, 2679 (1978).