[Civ. No. 21246. Fourth Dist., Div. Two. Dec. 5, 1979.]

L. C. AMIE, Petitioner, v.
THE SUPERIOR COURT OF RIVERSIDE COUNTY, Respondent;
COUNTY OF RIVERSIDE, Real Party in Interest.

**Counsel**

Greg Espinosa for Petitioner.

No appearance for Respondent.

Byron C. Morton, District Attorney, John K. Gaustad and Robert L. Ebert, Deputy District Attorneys, for Real Party in Interest.

**Opinion**

**THE COURT.**—Petitioner is the defendant in an action in respondent court by which the County of Riverside, real party in interest herein, seeks reimbursement of public assistance and establishment of child support for Lorina Amie, born May 8, 1964. Petitioner demurred to the complaint to the extent that it sought recovery of public assistance paid for the support of Lorina more than three years before the filing of the complaint. In opposing the demurrer, the county contended that it was entitled to reimbursement for all assistance paid for the support of Lorina, beginning in January 1964, five months before her birth. The respondent court overruled petitioner's demurrer and petitioner there-

upon filed the present proceeding seeking a writ of mandate directing the respondent court to vacate its order overruling the demurrer and to enter a new order sustaining the demurrer. We initially denied the petition for a writ of mandate but the Supreme Court granted a hearing and remanded the matter to this court with directions to issue an alternative writ.

■ The issue presented being a matter of first impression and general importance to the bench and bar, mandate is an appropriate remedy. (*Michael B.* v. *Superior Court* (1978) 86 Cal.App.3d 1006, 1009 [150 Cal.Rptr. 586]; *Hogya* v. *Superior Court* (1977) 75 Cal.App.3d 122, 128-130 [142 Cal.Rptr. 325].) ■ In any event, by directing the issuance of an alternative writ, the Supreme Court has determined that there is no other adequate remedy. (*People* ex rel. *Younger* v. *County of El Dorado,* 5 Cal.3d 480, 492 [96 Cal.Rptr. 553, 487 P.2d 1193]; *San Francisco Unified School Dist.* v. *Johnson,* 3 Cal.3d 937, 945 [92 Cal.Rptr. 309, 479 P.2d 669].)

The county's action for reimbursement is based on Welfare and Institutions Code section 11350 and Civil Code section 248.[1] Petitioner maintains that this action is subject to the three-year limitations period of Code of Civil Procedure section 338, subdivision 1, which governs an "action upon a liability created by statute, other than a penalty or forfeiture." The county maintains that there is no statute of limitations in regard to its action or, if a limitations period exists, it does not run while the child is a minor.

---

[1] Welfare and Institutions Code section 11350 provides: "In any case of separation or desertion of a parent or parents from a child or children which results in aid under this chapter being granted to such family, the noncustodial parent or parents shall be obligated to the county for an amount equal to:

"(a) The amount specified in an order for the support and maintenance of such family issued by a court of competent jurisdiction; or in the absence of such court order,

"(b) The amount of aid paid to the family during such period of separation or desertion limited by such parent's reasonable ability to pay during that period in which aid was granted; and

"(c) Such obligation shall be reduced by any amount actually paid by such parent during such period of separation or desertion for the support and maintenance of such family.

"The district attorney shall take appropriate action pursuant to this section in the superior court of the county which provided aid under this chapter.

"The court may order the defendant to pay the county attorney fees and court costs, based on such defendant's reasonable ability to pay, in any proceeding brought by the county pursuant to this section.

■ Although the county insists that the right to obtain reimbursement for support furnished to a child is well-established and of ancient origin, we have found no case in which a noncustodial parent has been required to reimburse another for support furnished to a child in the absence of an order or agreement. It is established that "a mother cannot claim reimbursement for money paid out in support of a child prior to an order of the court directing the father to pay support to meet the current needs of the child." (*Bierl* v. *McMahon* (1969) 270 Cal.App.2d 97, 105 [75 Cal.Rptr. 473].)[2] In the present action, the county admitted in its complaint that there is no existing order for the support of the minor child. ■ Under Civil Code section 207, a third party furnishing necessities to a child may obtain reimbursement from a parent, but only if the parent has custody of the child. (*In re Marriage of O'Connell* (1978) 80 Cal.App.3d 849, 855-856 [146 Cal.Rptr. 26].) Petitioner has apparently never had custody of Lorina.

The county has argued that its right of action is derived, by way of assignment or subrogation, from the child's right of action against her parent for support. (See *In re Marriage of Shore* (1977) 71 Cal.App.3d 290, 297 [139 Cal.Rptr. 349].) As the child's minority would toll the statute of limitations in an action commenced by her (Code Civ. Proc., § 352, subd. (a)1; *Van Buskirk* v. *Todd* (1969) 269 Cal.App.2d 680, 689 [75 Cal.Rptr. 280]), the county maintains that the statute likewise is tolled as to its action.

---

"In making the determination of the defendant's reasonable ability to pay attorney's fees and court costs under this section, the court shall be limited to the following considerations:
"(a) The wealth and income of the defendant;
"(b) The current ability of the defendant to earn;
"(c) The age of the defendant."
Civil Code section 248 provides: "The obligee may enforce his right of support against the obligor and the county may proceed on behalf of the obligee to enforce his right of support against the obligor. Whenever the county furnishes support to an obligee, it has the same right as the obligee to whom the support was furnished, for the purpose of securing reimbursement and of obtaining continuing support. The right of the county to reimbursement shall be subject to any limitation otherwise imposed by the law of this state. The court may order the obligor to pay the county reasonable attorney fees and court costs in any proceeding brought by the county pursuant to this section."
[2]On the difficulty of distinguishing between reimbursement and prospective modification of a support order, and a possible exception to the bar on reimbursement of the other parent, see *In re Marriage of Ford* (1972) 24 Cal.App.3d 62, 65-68 [100 Cal.Rptr. 817]; on the enforcement of a right to reimbursement based on an agreement, see *Gaskins* v. *Security-First Nat. Bank* (1939) 30 Cal.App.2d 409, 415-416 [86 P.2d 681].

■    Although a minor child may sue in his own name for support (see, e.g., *Fagan* v. *Fagan* (1941) 43 Cal.App.2d 189 [110 P.2d 520]), we are not aware of any case in which a child has attempted to obtain reimbursement from a noncustodial parent for past support. Furthermore, the disability of a minor which tolls the statute of limitations is personal and may not be transferred by assignment or subrogation. (54 C.J.S., Limitations of Actions, § 217, p. 252.) Assignment destroys the purpose of the tolling provision for minors. Because a minor does not have the understanding or experience of an adult, and because a minor may not bring an action except through a guardian (Code Civ. Proc., § 372), special safeguards are required to protect the minor's right of action. (See *Williams* v. *Los Angeles Metropolitan Transit Authority* (1968) 68 Cal.2d 599, 604-608 [68 Cal.Rptr. 297, 440 P.2d 497].) Here, the county seeks reimbursement for itself, not for Lorina; the county does not suffer the burdens of minority and therefore has no claim to its benefits. (See Civ. Code, § 3510.)

The county has also relied on the general rule that "[t]he obligation of a father to support his child, whether legitimate or illegitimate, is a continuing duty against which the statute of limitations does not run during the time the child needs such support." (*Perez* v. *Singh* (1971) 21 Cal.App.3d 870, 872 [97 Cal.Rptr. 920], citing *Fernandez* v. *Aburrea* (1919) 42 Cal.App. 131, 132 [183 P. 366].)

The wording of the rule is misleading because the very notion of the statute of limitations running against a duty (as opposed to a cause of action based on a breach of duty) is a legal absurdity. In fact, examination of the cases stating this rule indicates that in each case the issue was the child's right to present and future support, not reimbursement for support furnished before the action was brought. By stressing the continuing nature of the parent's duty to support the child until adulthood, the rule invokes the familiar principle that each breach of a continuing duty gives rise to a new cause of action. (See 2 Witkin, Cal. Procedure (2d ed.) Actions, § 285, p. 1134.) The statute runs against each new cause of action from the date of breach. (See *Tillson* v. *Peters* (1940) 41 Cal.App.2d 671, 674-675 [107 P.2d 434].)

In *Board of Retirement* v. *Terry* (1974) 40 Cal.App.3d 1091 [115 Cal.Rptr. 718], a county retirement board sought to recover retirement benefits paid to an injured county employee from a third party tortfeasor. The court concluded that the action was based on a statutory liability and thus was subject to the three-year limitations provision of

Code of Civil Procedure section 338, subdivision 1. (*Terry, supra,* at pp. 1093-1094.) Another analogous case is *County of Santa Cruz* v. *McLeod* (1961) 189 Cal.App.2d 222 [11 Cal.Rptr. 249], in which a county sought to recover old age security payments it had made to an ineligible recipient. The court held that the right to recover the funds, being statutory in origin, was subject to the three-year limitations period of Code of Civil Procedure section 338, subdivision 1. (*McLeod, supra,* at p. 229.) Cases in which reimbursement is sought for support of an indigent or mentally ill person at a county hospital are also analogous, but such actions are subject to a special four-year limitations period found in Code of Civil Procedure section 345. (*Dept. of Mental Hygiene* v. *McGilvery* (1958) 50 Cal.2d 742, 752 [329 P.2d 689]; *County of Los Angeles* v. *Read* (1961) 193 Cal.App.2d 748, 753 [14 Cal.Rptr. 628]. See also, *County of Santa Clara* v. *Vargas* (1977) 71 Cal.App.3d 510, 515-516 [139 Cal.Rptr. 537].)

■ These analogous cases support petitioner's position. The Legislature has decided that a limitations period of three years (or four years where hospital care has been provided) is a reasonable length of time to allow for an action by a county to recover the cost of various welfare benefits, where such recovery is authorized by statute. We see no reason why the same should not be true of an action by a county to obtain reimbursement for public assistance furnished for the support of a child.

We conclude that petitioner's position is well taken. The county's action is subject to the three-year limitations period of Code of Civil Procedure section 338, subdivision 1, the county's complaint does not show that the running of this period has been tolled, and consequently the county has not pleaded facts establishing a right to reimbursement for public assistance paid more than three years before the filing of the complaint.

■ Petitioner has requested attorney's fees for prosecuting this action under Code of Civil Procedure section 1021.5, but has supplied no argument in support of the request.[3] We are not convinced this action has "resulted in the enforcement of an important right affecting the public interest." The request for attorney's fees is therefore denied.

---

[3]Code of Civil Procedure section 1021.5 provides: "Upon motion, a court may award attorney's fees to a successful party against one or more opposing parties in any action which has resulted in the enforcement of an important right affecting the public interest if: (a) a significant benefit, whether pecuniary or nonpecuniary, has been conferred

Let a peremptory writ of mandate issue requiring respondent to enter its order sustaining petitioner's demurrer to the extent the complaint seeks relief barred by the statute of limitations.

---

on the general public or a large class of persons, (b) the necessity and financial burden of private enforcement are such as to make the award appropriate, and (c) such fees should not in the interest of justice be paid out of the recovery, if any. With respect to actions involving public entities, this section applies to allowances against, but not in favor of, public entities, and no claim shall be required to be filed therefor."