795 F.2d 1494
 55 USLW 2179, Bankr. L. Rep. P 71,293
 In re Joe P. RAMIREZ, Jose Presiado Ramirez.
COUNTY OF SANTA CLARA, Appellant,
v.
Joe P. RAMIREZ, Jose Presiado Ramirez, Appellees.
 No. 84-2612.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Aug. 12, 1985.
Decided Aug. 4, 1986.
 
 Gloria F. DeHart, Dist. Atty. Gen., San Francisco, Cal., for appellant.
 Mary S. Reiss, Phillips & Reiss, Burlingame, Cal., for appellees.
 Appeal from the United States District Court for the Northern District of California.
 Before TANG, and FERGUSON, Circuit Judges, and GRAY,* District Judge.
 OPINION
 TANG, Circuit Judge:
 
 
 1
 The County of Santa Clara (the "County") appeals from the district court's affirmance of the bankruptcy court's decision that a parent's debt to the County for reimbursement of Aid for Families with Dependent Children ("AFDC") payments made to his spouse for the support of their two minor children is dischargeable in bankruptcy. The County made the AFDC payments during a period when Mr. Ramirez was under no support order nor any dissolution decree or separation agreement requiring support. We affirm.
 
 I. BACKGROUND
 
 2
 Jose and Yolanda Ramirez were married in February 1973 and subsequently parented two children. In July 1977 they separated, but without a dissolution decree or court order for alimony or child support.
 
 
 3
 In December 1979, Mrs. Ramirez requested AFDC from the County. As a condition of eligibility for aid she was required to assign to the County any accrued rights to support from Mr. Ramirez which she had in behalf of herself or her children. Cal.Welf. & Inst.Code Sec. 11477(a); 42 U.S.C. Sec. 602(a)(26).
 
 
 4
 In September 1980, the County filed an action against Mr. Ramirez pursuant to section 11350 of the California Welfare and Institutions Code seeking reimbursement for the AFDC benefits the County had provided Mrs. Ramirez and her children. Mr. Ramirez failed to appear or answer. A default judgment in the sum of $14,750 was entered in April 1981 against Mr. Ramirez for AFDC payments to Mrs. Ramirez between November 1977 and January 1981. (There is no explanation why the judgment covered AFDC payments beginning in November 1977 when Mrs. Ramirez did not seek AFDC until December 1979.) The court also ordered Mr. Ramirez to pay $250 a month child support to Mrs. Ramirez commencing January 1, 1981.
 
 
 5
 After entry of judgment, the County began garnishing Mr. Ramirez's wages for reimbursement of AFDC benefits. In April 1982, Mr. Ramirez filed a petition for Chapter 7 bankruptcy. Mr. Ramirez owned no real property, possessed $1,317 worth of personal property, and earned less than $17,000 during the two years preceding his bankruptcy. In his Chapter 7 petition Mr. Ramirez listed four creditors: one secured creditor, to whom he owed $563.00; an attorney, to whom he owed $226.58; Mrs. Ramirez, to whom he owed $3,750.00 for child support (for the fifteen months since the court support order); and the County, to which he owed $14,825.00 under the judgment for AFDC reimbursement. On April 16, 1982, the bankruptcy court granted Mr. Ramirez a discharge of all dischargeable debts.
 
 
 6
 On July 12, 1982, Mr. Ramirez filed a complaint in bankruptcy court to determine the dischargeability of the judgment debt to the County for AFDC reimbursement. The bankruptcy court entered an order discharging the debt and granting Mr. Ramirez's motion for summary judgment.
 
 
 7
 The County appealed to the district court. The district court concluded that the debt to the County for reimbursement of AFDC payments was dischargeable, and affirmed the decision of the bankruptcy court. The County timely appeals.
 
 II. STANDARD OF REVIEW
 
 8
 This appeal involves the interpretation of federal and California law and is reviewable de novo. In re McLinn, 739 F.2d 1395, 1397-98 (9th Cir.1984) (en banc); United States v. McConney, 728 F.2d 1195, 1201 (9th Cir.) (en banc), cert. denied, --- U.S. ----, 105 S.Ct. 101, 83 L.Ed.2d 46 (1984).
 
 III. DISCUSSION
 
 9
 This case presents conflicting policies of bankruptcy law, which ordinarily permits the dischargeability of debt, and family law, which obligates parents to support their minor children. Mr. Ramirez concedes a currently existing and continuing obligation to pay $250 a month for direct support of his children, and that this obligation is not dischargeable in bankruptcy. He seeks only to have discharged his $14,750 judgment debt to the County for AFDC benefits paid to his spouse. He asserts that discharge of his past debt will enable him to meet current support obligations to his children.
 
 11 U.S.C. Sec. 523(a)(5)(A)
 
 10
 Ordinarily, all debts are dischargeable in bankruptcy. Oregon v. Richards, 45 B.R. 811, 812 (D.Or.1984). The bankruptcy code, however, provides an exception to this general rule in 11 U.S.C. Sec. 523(a)(5)(A). It does not permit a debtor to discharge in bankruptcy any debt
 
 
 11
 to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such a spouse or child, in connection with a separation agreement, divorce decree, or property settlement agreement, but not to the extent that--
 
 
 12
 (A) such a debt is assigned to another entity, voluntarily, by operation of law, or otherwise (other than debts assigned pursuant to section 402(a)(26) of the Social Security Act [42 U.S.C. Sec. 602(a)(26) ]; ...
 
 
 13
 11 U.S.C. Sec. 523(a)(5)(A) (emphasis added). In other words, a debt is not dischargeable if (1) it was incurred in connection with a separation agreement or divorce decree, and (2) it was assigned pursuant to 42 U.S.C. Sec. 602(a)(26).
 
 
 14
 The County contends that the debt at issue here was assigned pursuant to 42 U.S.C. Sec. 602(a)(26), as implemented by Cal.Welf. & Inst.Code Sec. 11477(a). The County's contention fails, however, because the first requirement for nondischargeability was not met. Under the plain language of section 523(a)(5)(A), Mr. Ramirez's debt was dischargeable because it did not arise from a "separation agreement, divorce decree or property settlement." This interpretation was the basis of the decision of the bankruptcy and district courts. Both courts relied on In re Leach, 15 B.R. 1005, 1008 (Bankr.D.Conn.1981), which held that a debt to the state for AFDC reimbursement which did not arise in connection with a separation agreement, divorce decree or property settlement is not excepted from discharge under section 523(a)(5)(A).
 
 42 U.S.C. 656(b)
 
 15
 The County also argues that 42 U.S.C. Sec. 656(b) excepts Mr. Ramirez's debt to the County for reimbursement of AFDC payments from discharge. Section 656(b) provides:
 
 
 16
 A debt which is a child support obligation assigned to a State under section 602(a)(26) of this title is not released by a discharge in bankruptcy under Title 11.
 
 
 17
 Mr. Ramirez's debt would thus be excepted from discharge if it had been assigned to the County under 42 U.S.C. Sec. 602(a)(26). That section requires state programs for aid to dependent families to provide that as a condition of eligibility for aid, each applicant must "assign the State any rights to support ... which have accrued at the time the assignment is executed." (emphasis added) This requirement is implemented by the State of California in a statute with identical language. Cal.Welf. & Inst.Code Sec. 11477(a) (West 1980).
 
 
 18
 Our inquiry, then, must focus on whether Mr. Ramirez's debt to the County arose from Mrs. Ramirez's assignment of accrued rights to support and is thus nondischargeable under 42 U.S.C. Sec. 656(b).[1] We conclude, as did both courts below, that Mr. Ramirez's debt to the County did not arise from Mrs. Ramirez's assignment of accrued rights because our analysis reveals that Mrs. Ramirez had no accrued rights.
 
 
 19
 The determination of child support rights is a matter of state statutory and common law. Under California law, "absent a dissolution decree ordering support payments, the parent with custody bears full responsibility for the support of the child." In re Marriage of O'Connell, 80 Cal.App.3d 849, 855, 146 Cal.Rptr. 26, 30 (1978).[2] "[A] mother cannot claim reimbursement for money paid out in support of a child prior to an order of the court directing the father to pay support to meet the current needs of the child." Amie v. Superior Court, 99 Cal.App.3d 421, 425, 160 Cal.Rptr. 271, 272-73 (1979) (quoting Bierl v. McMahon, 270 Cal.App.2d 97, 105, 75 Cal.Rptr. 473, 475 (1969) ). See also In re Marriage of Koppelman, 159 Cal.App.3d 627, 633-34, 205 Cal.Rptr. 629 (1984); Dimon v. Dimon, 40 Cal.2d 516, 524, 254 P.2d 528 (1953).
 
 
 20
 In Amie, 99 Cal.App.3d at 425, 160 Cal.Rptr. at 272, the County sought reimbursement of public assistance funds based on the theory that the right to reimbursement is ancient and well-established. The Amie court held, however, that noncustodial parents had never been required to reimburse either their spouses or their children in the absence of an agreement or order. Id. The court further noted that although a minor child could sue for support in his or her own name, a child had never attempted to obtain reimbursement from a noncustodial parent for past support. Id. at 426, 160 Cal.Rptr. at 273. Thus, if Mrs. Ramirez, instead of the County, had provided the funds necessary to raise her children after her separation from their father until the state court support order in 1980, neither Mrs. Ramirez nor her children would have any right to be reimbursed for any part of the expenditure. Id. at 425-26, 160 Cal.Rptr. at 273.[3]
 
 
 21
 The Seventh Circuit's treatment of a similar issue in In re Stovall, 721 F.2d 1133 (7th Cir.1983), may be distinguished from the case before us. In In re Stovall, the noncustodial parent was obliged pursuant to a divorce decree to pay $80.00 per week in child support. At the time of the separation, which occurred approximately a year prior to the divorce, Mrs. Stovall applied for and began receiving AFDC benefits, as a condition of which she assigned her right to support to the Illinois Department of Public Aid. Mr. Stovall never made any child support payments. When he filed for bankruptcy seven years after their divorce, he had accumulated arrearages of $16,690.00.
 
 
 22
 The critical issue before the court was whether Mr. Stovall would have to repay just the arrearages in support payments at the time of assignment or also those support payments which accrued after assignment. The Seventh Circuit held that the assignment under 42 U.S.C. Sec. 602(a)(26) is of a continuing right and therefore includes support rights which continue as long as the family continues to receive assistance, thus covering both arrearages accrued at the time of assignment and support payments which become due after assignment. Id. at 1135. It is clear this decision really focused on the continuing nature of a support obligation, not on defining how the obligation is initially created. However, on the facts of that case, the arrearage due at the time of assignment to Illinois as a condition of receipt of AFDC benefits, was arrearage accumulated "under the child support order." Id. at 1134. Mrs. Ramirez, by contrast, did not have any accrued arrearages to assign.
 
 Section 11350
 
 23
 We note that the County pursued its statutory right to reimbursement from Ramirez under Section 11350 of the California Welfare & Institutions Code.[4] Because Mr. Ramirez's debt to the County arose from the operation of this statute and not from any right assigned by Mrs. Ramirez, the debt falls outside the scope of Sec. 602(a)(26) and is therefore not subject to the nondischargeability provision of Sec. 656(b). But see Oregon v. Richards, 45 B.R. 811 (D.Or.1984) (legislative history indicates rights to be assigned under 602(a)(26) include obligations not yet reduced to form of a judgment, order, or agreement and fact that State recovers debt under statute rather than under guise of assignment is a technical distinction that does not affect dischargeability).
 
 EQUITABLE CONSIDERATIONS
 
 24
 We are mindful of the centrality of equitable concerns in all bankruptcy decisions. Our overriding goal is to leave Mr. Ramirez in a position to meet his current obligations to support his children. His children are certainly legally entitled to that support, and we do not wish our decision to be viewed as detracting from that right in any way. Under California law a child has a right to support from his parents, and both parents have an equal responsibility to provide that support. Cal.Civ.Code Secs. 196, 206, 242 (West 1982). Carr v. Marshman, 147 Cal.App.3d 1117, 1121, 195 Cal.Rptr. 603 (1983). This responsibility continues notwithstanding the parents' lack of custody. Armstrong v. Armstrong, 15 Cal.3d 942, 947, 126 Cal.Rptr. 805, 544 P.2d 941 (1976).
 
 
 25
 Mr. Ramirez has fully acknowledged his obligation to pay $250 a month for the support and maintenance of his children. If we do not discharge his statutory obligation to reimburse the County, the default judgment in the County's section 11350 action would permit the County to garnish his wages. The practical effect would be to make it virtually impossible for Ramirez to meet his current support obligations of $250 per month from his current income of roughly $708 per month. When the choice lies between forcing a parent to pay a past statutory obligation to a County and permitting a parent to pay current support obligations to his children, equity and concern for the current welfare of the children require that we discharge the past obligation.
 
 
 26
 The judgment of the district court is AFFIRMED.
 
 FERGUSON, Circuit Judge, dissenting:
 
 27
 The question before us is whether, in the absence of a court support order, Mrs. Ramirez had any rights to child support in her own behalf or in behalf of her children that had accrued at the time she applied for and received AFDC. If she did, then the child support obligation was assigned to the County under section 602(a)(26) of Title 42 of the United States Code and is not dischargeable by virtue of section 656(b) of the same Title. Because it is clear that under California law a child has a right to support that can be assigned, and because the legislative history of sections 602(a)(26) and 656(b), as well as the plain language of section 656(a), indicate that the rights to be assigned under section 602(a)(26) include child support obligations that have not yet been reduced to the form of a judgment, order, or agreement, I respectfully dissent.
 
 I.
 
 28
 Congress specifically stated in the Social Services Amendments of 1974 that "[a] debt which is a child support obligation assigned to a State under section 602(a)(26) of this title is not released by a discharge in bankruptcy under Title 11." 42 U.S.C. Sec. 656(b). Section 602(a) provides:
 
 
 29
 A state plan for aid and services to needy families with children must ...
 
 
 30
 ....
 
 
 31
 (26) provide that, as a condition of eligibility for aid, each applicant or recipient will be required--
 
 
 32
 (A) to assign the State any rights to support from any other person such applicant may have (i) in his own behalf or in behalf of any other family member for whom the applicant is applying for or receiving aid, and (ii) which have accrued at the time such assignment is executed....[1]
 
 
 33
 The legislative histories of sections 602(a)(26) and 656(b) indicate that the rights to be assigned under section 602(a)(26) include child support obligations that have not yet been reduced to a judgment, order, or agreement. See S.Rep. No. 1356, 93d Cong., 2d Sess., reprinted in 1974 U.S. Code Cong. & Ad. News 8133, 8152. In discussing the assignment of family support rights to the state as a condition of eligibility for child support, the Senate Committee Report expressly stated that:
 
 
 34
 The support obligation would become a debt owed by the absent father to the State. The amount of this debt would be determined by a court order if one were in existence. In the absence of a court order the amount of the obligation would be an amount determined by the State in accordance with a formula approved by the Secretary of HEW. Also, a provision has been included to assure that the rights of the wife and child are not discharged in bankruptcy merely because the support obligation is a debt to the State.
 
 
 35
 Id. at 8153 (emphasis added). When Congress reinstated section 656(b) in 1981,[2] the Committee Report stated:
 
 
 36
 The committee amendment would ... reinstate a provision of the Social Security Act, previously in effect, declaring that a child support obligation assigned to a State as a condition of AFDC eligibility is not discharged in bankruptcy. The committee believes that a parent's obligation to support his child is not one that should be allowed to be discharged by filing for bankruptcy, and that a child support obligation assigned to a State as a condition of AFDC eligibility should not be subject to termination in that way.
 
 
 37
 S.Rep. No. 139, 97th Cong., 1st Sess. 523, reprinted in 1981 U.S. Code Cong. & Ad. News 396, 789-90.
 
 
 38
 In reinstating section 656(b), Congress reasserted its belief "that all children have the right to receive support from their fathers," S.Rep. No. 1356, 93d Cong., 2d Sess., reprinted in 1974 U.S. Code Cong. & Ad. News 8133, 8146, and its hope that legislation such as sections 602(a)(26) and 656(b) would encourage noncustodial parents to continue supporting their families, rather than deserting them to welfare, id.
 
 
 39
 Section 656(a) is further evidence that Congress intended the rights assigned under section 602(a)(26) to include child support obligations not yet reduced to the form of a court order. Section 656(a) provides that the support rights assigned to the state under section 602(a)(26) constitute an obligation owed to the state by the individual responsible for the support and that the amount of that obligation is either:
 
 
 40
 (A) the amount specified in a court order which covers the assigned support rights, or
 
 
 41
 (B) if there is no court order, an amount determined by the State in accordance with a formula approved by the Secretary....
 
 
 42
 Section 656(a) (emphasis added). The provision at issue here, section 656(b), states that such an obligation is not released by a discharge in bankruptcy. It is therefore clear that Mr. Ramirez's debt "is precisely the sort of debt intended to fall within the nondischargeability provision of section 656(b)." Oregon v. Richards, 45 B.R. 811, 816 (D.Ore.1984).
 
 II.
 
 43
 California law establishes that a child's rights to support are assignable to the county. California law provides that every child has a right to parental support and both parents have an equal responsibility to provide that support. Cal.Civ.Code Secs. 196, 196a, 206, 242; see Carr v. Marshman, 147 Cal.App.3d 1117, 1121, 195 Cal.Rptr. 603, 606 (1983). The parents are obligated to the child and to the county for the child's support, even in the absence of a dissolution decree ordering support payments. Crookham v. Smith, 68 Cal.App.3d 773, 777, 137 Cal.Rptr. 428, 431 (1977); Cal.Civ.Code Sec. 208.
 
 
 44
 The responsibility to the child and to the county exists notwithstanding the parent's lack of custody, Armstrong v. Armstrong, 15 Cal.3d 942, 947, 126 Cal.Rptr. 805, 807, 544 P.2d 941, 943 (1976): the absent parent has a continuing duty to support the child, Perez v. Singh, 21 Cal.App.3d 870, 872, 97 Cal.Rptr. 920, 921 (1971). Indeed, "[p]arental liability for support of a minor child is of ancient origin." County of Alameda v. Kaiser, 238 Cal.App.2d 815, 817, 48 Cal.Rptr. 343, 345 (1965). A minor child may sue "in his own name for support." Amie v. Superior Court, 99 Cal.App.3d 421, 426, 160 Cal.Rptr. 271, 273 (1979).
 
 
 45
 In sum, the child has clear and definite rights to support under California law. Section 602(a)(26) (as well as Cal.Welf. & Inst.Code Sec. 11477(a) ) allows the assignment of such rights that have acrued at the time of the assignment. "The word 'accrue' is defined as '1: to come into existence as a legally enforceable claim[;] 2: to come by way of increase or addition[;] 3: to be periodically accumulated whether as an increase or a decrease.' " In re Marriage of Shore, 71 Cal.App.3d 290, 295 n. 3, 139 Cal.Rptr. 349, 353 n. 3 (1977) (quoting Webster's New Collegiate Dictionary 6 (7th ed. 1971) ). The phrase "which have accrued at the time the assignment is executed" in section 602(a)(26), coupled with (1) section 656(a)'s method of determining the amount of the child support obligation assigned under section 602(a)(26) in the presence or absence of a court support order and (2) California's definition of "accrue," reinforces the conclusion that Mr. Ramirez's debt was assigned to the county.
 
 III.
 
 46
 In addition to ignoring clear congressional intent, the majority's opinion creates a conflict with other circuit decisions. The Seventh Circuit, when addressing the same issue decided in this appeal, concluded that such a debt was nondischargeable in bankruptcy. In re Stovall, 721 F.2d 1133 (7th Cir.1983). In that case, Mrs. Stovall received AFDC payments beginning in 1974. Id. at 1134. No formal order was entered until 1975, id., but the court held that no AFDC payments were dischargeable in bankruptcy, including those prior to the order, id. Thus, the majority is incorrect when it states that Stovall found nondischargeable only those amounts arising pursuant to a court order. Stovall is, in that respect, indistinguishable from the case before us. In light of Congress' clear intent, I would join with the Seventh Circuit and reverse the district court.
 
 
 
 *
 Honorable William P. Gray, Senior United States District Judge, for the Central District of California, sitting by designation
 
 
 [1]
 We do not find In re Leach, 15 B.R. 1005 (Bankr. D.Conn. 1981), and In re Esposito, 31 B.R. 872 (Bankr.D.Conn.1983) to be helpful in resolving this question. That court reasoned, as do we, that a debt for AFDC reimbursements is not excepted from discharge by 11 U.S.C. Sec. 523(a)(5)(A) when it is not incurred in connection with an agreement or order. Leach, 15 B.R. at 1008; In re Esposito, 31 B.R. at 875. Although both decisions held the obligations there at issue nondischargeable because of the operation of 42 U.S.C. Sec. 656(b), id., neither opinion addressed the significance of Sec. 602(a)(26)'s requirement that assignable rights are those which have accrued at the time of assignment
 
 
 [2]
 Indeed, Section 208 of the California Civil Code provides:
 A parent is not bound to compensate the other parent, or a relative, for the voluntary support of his child, without an agreement for compensation.
 
 
 [3]
 The dissenting opinion insists that child support obligations exist regardless of a dissolution decree. While this is true, it does not help to answer the question of whether Mrs. Ramirez had accrued, and therefore assignable, rights when she applied for AFDC benefits. Crookham v. Smith, 68 Cal.App.3d 773, 777, 137 Cal.Rptr. 428, 431 (1977) does say that parents are obligated to child and county for support. However, we are unable to conclude from this case that the general obligation creates an assignable right in the absence of a support decree, because Crookham has to do with the obligations to the county of parents who have both deserted a child, not with the obligations of a noncustodial parent to the custodial parent or county when there is no dissolution decree. This latter situation, which obtains in the case at bar, is covered by O'Connell, 80 Cal.App.3d at 855, 146 Cal. Rptr. at 30, which says unless there is a dissolution decree and support order, the custodial parent bears full responsibility for support
 
 
 [4]
 Section 11350 of the California Welf. and Inst. Code (West 1980) provides that:
 In any case of separation or desertion of a parent or parents from a child or children which results in aid under this chapter being granted to such family, the noncustodial parent or parents shall be obligated to the county for an amount equal to ... [in the absence of a court order specifying amount for support and maintenance of such family] [t]he amount of aid paid to the family during such period of separation or desertion limited by such parent's reasonable ability to pay during that period in which aid was granted.
 
 
 [1]
 The mandate of section 602(a)(26) is implemented in California by Cal. Welf. & Inst. Code Sec. 11477(a):
 As a condition of eligibility for aid paid under this chapter, each applicant or recipient shall:
 (a) Assign to the county any rights to support from any other person such applicant may have in their own behalf or in behalf of any other family member for whom the applicant is applying for or receiving aid, and which have accrued at the time such assignment is made. Receipt of public assistance under this chapter shall operate as an assignment by operation of law....
 
 
 [2]
 Congress had repealed section 656(b) in 1978. Pub. L. No. 95-598, sec. 328, 92 Stat. 2549, 2679 (1978)