**In re Irwin Lee MORRIS and Sharlett Marie Morris, SSN 562–92–9087 (H), 489–62–6788 (W), Debtors.**

**COUNTY OF TULARE, Plaintiff,**

v.

**Irwin Lee MORRIS, Defendant.**

**Bankruptcy No. LA–91–71331–BR.**

**Adv. No. LA91–06506–BR.**

United States Bankruptcy Court, C.D. California.

Dec. 20, 1991.

John S. Higgins, Jr., Deputy Dist. Atty., Family Support Div., Visalia, Cal., for plaintiff.

Irwin Lee Morris, in pro. per.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

BARRY RUSSELL, Bankruptcy Judge.

### FINDINGS OF FACT

1. Commencing in November 1986, Theresa Morris received public assistance in Tulare County on behalf of her minor child, Sandra Morris. Various sums were received on behalf of the minor child from Plaintiff.

2. On August 15, 1990, plaintiff filed a complaint against defendant for $5522 as reimbursement of public assistance paid by plaintiff on behalf of Sandra Morris, born March 3, 1984, and her custodian, Theresa, for the period September 1987 to November 1989.

3. On April 10, 1991, defendant filed a voluntary petition in bankruptcy under Chapter 7. The AMENDED SCHEDULES served on plaintiff May 2, 1991, listed plaintiff herein as a creditor in the schedule of liabilities.

4. On August 16, 1991, defendant herein was granted a discharge of all dischargeable debts.

5. On September 9, 1991, plaintiff filed a complaint herein to determine that this debt was nondischargeable.

6. Defendant is indebted to plaintiff in the amount of $3170 for unpaid reimbursement of public assistance.

### CONCLUSIONS OF LAW

1. Pursuant to California law (California Welfare and Institutions Code section 11477(a)) plaintiff seeks reimbursement of public assistance as assignee of the support rights of the minor child.

2. The California Supreme Court, in the recent opinion *In re Marriage of Lippel* (1990) 51 Cal.3d 1160, 1172 n. 4, 276 Cal. Rptr 290, 296 n. 4, has reaffirmed "that body of law which establishes the right of a child to maintain an action against a parent for support."

3. The Court of Appeals in *In re Ramirez* 795 F.2d 1494 (9th Cir.1986), cert. den. 481 U.S. 1003, 107 S.Ct. 1624, 95 L.Ed.2d 198, held that a welfare reimbursement judgment was dischargeable because the mother had no accrued rights to support to assign to the County. The discussion in that opinion, therefore, focused on the rights of the mother. In this case, the

minor child had support rights under California law from defendant which were assigned to plaintiff during the time public assistance was granted to her family.

4. The continued viability of the *Ramirez* case is questionable for the following reasons.

When the Court of Appeals in *Ramirez* considered the applicability of 11 U.S.C. 523(a)(5)(A) with respect to the dischargeability of a reimbursement judgment it stated:

"[Section 523(a)(5)(A) ] does not permit a debtor to discharge in bankruptcy any debt to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, *in connection with a separation agreement, divorce decree, or property settlement agreement* (emphasis original), but not to the extent that—

(A) such a debt is assigned to another entity, voluntarily, or by operation of law, or otherwise *(other than debts assigned pursuant to section 402(a)(26) of the Social Security Act [42 USC § 602(a)(26)])* (emphasis original)

In other words, a debt is not dischargeable if (1) it was incurred in connection with a separation agreement or divorce decree, *and* it was assigned pursuant to 42 USC § 602(a)(26) (emphasis original). The County contends that the debt at issue here was assigned pursuant to 42 USC § 602(a)(26), as implemented by Cal. Welf. & Inst.Code § 11477(a). The County's contention fails, however, because the first requirement for nondischargeability was not met. Under the plain language of section 523(a)(5)(A), Mr. Ramirez's debt was dischargeable because it *did not arise from a separation agreement, divorce decree, or property settlement.*'" (Emphasis added.) (*In re Ramirez, supra,* 795 F.2d at page 1496.)

11 U.S.C. § 523(a)(5)(A) has been twice amended with respect to the language quoted in *Ramirez* and now reads:

"(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree **or other order of a court of record,** determination made in accordance with State or territorial law by a governmental unit, or property settlement agreement, but not the extent that—

(A) such debt is assigned to another entity, voluntarily, by operation of law, or otherwise (other than debts assigned pursuant to section 402(a)(26) of the Social Security Act, **or any such debt which has been assigned to the Federal Government or to a State or any political subdivision of such State) ...**"

The revisions emphasized in bold type were enacted July 10, 1984 by Pub.Law 98–353, § 454(b), 98 Stat. 375; underlined text added in 1986 by Pub.Law 99–554 § 281, 100 Stat. 3116. The discussion in the *Ramirez* opinion indicates that the Court of Appeals did not consider the 1984 revisions. This step was appropriate because the law applicable to the case was the pre–1984 statute. *In re Spell,* 650 F.2d 375 (2nd Cir., 1981); *In re Combs,* 101 B.R. 609, 614 (9th Cir., Bankruptcy Appellate Panel, 1989).

A reimbursement claim falls within the nondischargeability provisions of the 1984 revised statute since it makes nondischargeable not only a support debt arising under any "other order of a court of record" but also expands the assignment exception to include not only 602(a)(26) assignments but any debt assigned to a federal, state, or local government. The 1986 revisions add further to the nondischargeability provisions by adding support determinations made as a matter of State or territorial law.

As the Court of Appeals stated in *Maxwell Hardware Co. v. Commissioner,* 343 F.2d 713 (9th Cir., 1965):

"Whenever a Court adopts a rule of decision to sustain a conclusion, interpreting statutory law then applicable, and the legislative authority amends or changes the statutory law to the effect that the same decision could not be reached if the new statute were applied

to the same facts, the case is not controlling precedent for judicial interpretation of the new law." 343 F.2d at p. 716 (footnote omitted).

5. 11 U.S.C. section 523(a)(5)(A), as amended, when read in connection with 42 U.S.C. section 656(b) makes it clear that Congress did not intend for support obligations of the sort at issue here to be discharged in bankruptcy.

6. Plaintiff's motion for partial summary adjudication, declaring the debt claimed by plaintiff nondischargeable should be and hereby is granted.

## SUMMARY JUDGMENT

Plaintiff's motion for partial summary adjudication that the debt from defendant to plaintiff is nondischargeable came on regularly to be heard in the above-entitled court on November 4, 1991, the Honorable Barry Russell presiding.

After considering plaintiff's motion and the supporting documentation, this court agrees with plaintiff's contention that the rights to support embraced by plaintiff's complaint for reimbursement of public assistance represent rights assigned by the minor child to the plaintiff within the meaning of 11 U.S.C. section 523(a)(5)(A) and 42 U.S.C. section 656(b) and that the debt represented by plaintiff's complaint is nondischargeable.

It is ORDERED, ADJUDGED and DECREED that plaintiff's motion for partial summary adjudication is hereby granted; inasmuch as the indebtedness is conceded, judgment is granted for plaintiff in the amount of $3170.00.