STATE of Iowa, DEPARTMENT OF HUMAN SERVICES, Petitioner–Appellee,

v.

John POGGENPOHL, Respondent–Appellant.

Julie A. POGGENPOHL, Petitioner–Appellee,

v.

John POGGENPOHL, Respondent–Appellant.

No. 93–0415.

Court of Appeals of Iowa.

Aug. 4, 1994.

Roger L. Sutton of Sutton Law Office, Charles City, for appellant.

Bonnie J. Campbell, Atty. Gen., John Parmeter, Sp. Asst. Atty. Gen., Robert R. Huibregtse, Asst. Atty. Gen., and Mark Schoeller, Asst. County Atty., for appellee.

Heard by HAYDEN, P.J., and SACKETT and CADY, JJ.

SACKETT, Judge.

The sole issue in this appeal is whether a judgment entered ordering respondent-appellant John Poggenpohl to reimburse the state of Iowa for support paid to his ex-wife and minor children was dischargeable in bankruptcy. The trial court held it was not. We affirm.

In July 1981, petitioner-appellee Julie A. Poggenpohl applied for aid to dependent families and assigned her right to receive child support to the state of Iowa. In October 1985, the state took a default judgment against John Poggenpohl for sums advanced to Julie for aid to dependent families. John had not been ordered to pay child support prior to the entry of this judgment.

In March 1986, John filed a voluntary petition under Chapter 7 for bankruptcy and listed the judgment as a debt. On July 10, 1986, John was discharged in bankruptcy.

John contends his bankruptcy discharged the reimbursement judgment in bankruptcy. The trial court found the judgment a nondischargeable debt under 11 U.S.C. section 523(a)(5)(A).[1]

John contends the case of *In re Ramirez*, 795 F.2d 1494 (9th Cir.1986), supports his position. He advances that because the judgment was for reimbursement, rather than an order for support, it was dischargeable in bankruptcy. John's position is at the time of the reimbursement order, there was no past due child support and a reimbursement order is not a support order. He concedes child support is not dischargeable in bankruptcy.

The State argues the result reached by the trial court is correct. The State distinguishes *Ramirez*, which is a decision coming out of California, based on alleged differences between the law of Iowa and the law of California.

We reject John's contention *Ramirez* is applicable. *Ramirez* applied California law on family support obligations in reaching the result it did. The *Ramirez* court said:

Under California law, "absent a dissolution decree ordering support payments, the parent with custody bears full responsibility for the support of the child." *In re Marriage of O'Connell*, 80 Cal.App.3d 849, 855, 146 Cal.Rptr. 26, 30 (1978). "(A) mother cannot claim reimbursement for money paid out in support of a child prior to an order of the court directing the father to pay support to meet the current needs of the child." *Amie v. Superior Court*, 99 Cal.App.3d 421, 425, 160 Cal. Rptr. 271. Thus, if Mrs. Ramirez, instead of the County, had provided the funds necessary to raise her children after her separation from their father until the state court support order in 1980, neither Mrs. Ramirez nor her children would have any right to be reimbursed.

*Ramirez*, 795 F.2d at 1497.

Unlike California, Iowa imposes a support obligation on both parents where the parents are separated but not divorced and the child or children are in the custody of one parent. If the parent of a minor child neglects to provide the necessaries for said minor, the parent is liable to a stranger furnishing same, even though the child is not living with said parent or within the parent's custody. *Stech v. Holmes*, 210 Iowa 1136, 1137, 230 N.W. 326, 326 (1930). Parents have a mutual duty to support their children. An action for contribution for past support may be maintained, subject to traditional defenses such as the statute of limitations, waiver, laches, and estoppel. *Brown v. Brown*, 269 N.W.2d 819, 822 (Iowa 1978). Chapter 252A expressly gives the governmental unit furnishing Aid to Dependent Families or other assistance authority to bring an action under that chapter the same as the dependent may do. Iowa Code § 252A.5(5); *see Stearns v. Kean*, 303 N.W.2d 408, 412 (Iowa 1981). This action could have been brought under Chapter 252A by the governmental unit itself. *Foreman v. Wilcox*, 305 N.W.2d 703, 704 (Iowa 1981).

---

1. (5) To a spouse, former spouse, or child debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record, determination made in accordance with state or territorial law by a governmental unit or property settlement agreement, but not the extent that:
(A) such debt is assigned to another entity, voluntarily, by operation of law, or otherwise (other than debts assigned pursuant to § 402(a)(26) of the Social Security Act, or any such debt which has been assigned to the Federal government or to a state or political subdivision of said state); or
(B) such debt includes liability designated as alimony, maintenance, or support unless such liability is actually in the nature of alimony, maintenance, or support.

The reimbursement order was for support of John's child that has been paid by another. The trial court correctly found it not dischargeable.

**AFFIRMED.**