**In re Jim C. COKER, Debtor,**

**Jim C. Coker, Plaintiff/Appellee,**

**v.**

**County of Riverside,
Defendant/Appellant.**

**No. CV 98–1801 ABC.
Bankruptcy No. SA 97–11777–LR.**

United States District Court,
C.D. California.

Oct. 8, 1998.

Jim Coker, In Pro Per, Stanton, CA, for plaintiff.

Grover Trask, District Attorney, Riverside, CA, for defendant.

COLLINS, District Judge.

Appellant County of Riverside filed the instant appeal after the bankruptcy court denied Appellant's motion for summary judgment and entered a judgment against the County. After reviewing the materials submitted by the parties, the Court REVERSES the bankruptcy court's grant of summary judgment.

**I. Factual and Procedural Background**

In June 1996, Lizbeth Coker ("Ms.Coker") applied for and received Aid to Families with Dependent Children ("AFDC"). At that time, Appellee Jim Coker ("Mr. Coker") was no longer living with his wife or their three minor children. Coker also was not under an agreement or court order to provide child support. The County of Riverside (the "County"), granted Ms. Coker's application for AFDC and provided financial assistance from June 4, 1996 through December 31, 1996. To obtain the AFDC, Ms. Coker assigned any accrued support rights she had to the County.

The County subsequently filed a complaint against Mr. Coker seeking current child support and reimbursement of the AFDC assistance received by Ms. Coker. On February 10, 1997, Mr. Coker filed a voluntary petition in bankruptcy under Chapter 7. On April 1, 1997, a state court judgment was entered against Mr. Coker ordering him to pay $1053 per month in current child support and a lump sum of $7371 to repay child support paid by the County from June 4, 1996 until December 31, 1996. On April 23, 1997, Mr. Coker filed a complaint seeking to have the $7,371 debt to the County for AFDC reimbursement declared dischargeable.[1] The County then moved for summary judgment seeking an order that the state court judgment be declared nondischargeable.

On January 22, 1998, the bankruptcy court concluded that AFDC payments made by the County before the entry of an order for child support are dischargeable. The bankruptcy court then denied the County's motion for summary judgment. The bankruptcy court entered a final judgment against the County on March 2, 1998.

On March 28, 1997, the County filed its Opening Brief. On May 26, 1998, Appellee timely filed his Opposition Brief. On June 15, 1998, Appellant timely filed its Reply Brief.

## II. Standard of Review

■ This Court reviews issues of law decided by the bankruptcy court de novo. *See In re Kashani,* 190 B.R. 875, 881 (9th Cir. BAP 1995).

## III. Jurisdiction

This Court has jurisdiction over the instant appeal under 28 U.S.C. § 158(a)(1). Section 158(a)(1) provides: "The district courts of the United States shall have jurisdiction to hear appeals ... from final judgment, orders, and decrees." In this case, the County appeals a final order from the bankruptcy court.

## IV. Discussion

■ The sole issue in this appeal is whether Mr. Coker's debt to the County is nondischargeable.

"Ordinarily a debtor who successfully navigates the bankruptcy process is entitled to a discharge of all pre-petition debt." *In re Visness,* 57 F.3d 775, 776 (9th Cir. 1995), *cert. denied,* 516 U.S. 1099, 116 S.Ct. 828, 133 L.Ed.2d 770 (1996). Congress has determined, however, that certain debts are nondischargeable.

In *In re Ramirez,* 795 F.2d 1494 (9th Cir.1986), the Ninth Circuit addressed a factual scenario nearly identical to the one presented by the instant case. In *Ramirez,* Mr. Ramirez and his wife separated. Mrs. Ramirez did not, however, obtain a dissolution decree or court order for alimony or child support. *Id.* at 1495. Mrs. Ramirez, then applied for and received Aid for Families with Dependent Children ("AFDC") from the County. As a condition of receiving AFDC, Mrs. Ramirez assigned any accrued supports rights possessed by herself or her children to the County. The County then sought reimbursement from Mr. Ramirez for past AFDC payments. Mr. Ramirez filed a petition for Chapter 7 bankruptcy and was granted a discharge of all dischargeable debts. *Id.* The bankruptcy court then concluded that the debt to the County was dischargeable.

In *Ramirez,* the Ninth Circuit considered 11 U.S.C. § 523(a)(5)(A), which provided that a debt incurred in connection with a separation agreement or divorce decree is nondischargeable.[2] The Court

---

1. Mr. Coker did not contest the judgment to the extent it ordered him to pay $1,053 per month in child support.

2. The version of § 523(a)(5) applicable to the *Ramirez* decision did not permit a debtor to discharge in bankruptcy any debt:

to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such a spouse or child, in connection with a separation agreement, divorce decree or property settlement agreement, but not to the extent that—

noted, however, that Mr. Ramirez' debt did not arise in connection with a separation agreement or divorce decree because no such decree had been entered when Mrs. Ramirez assigned her accrued rights to the County. *Id.* at 1497. Accordingly, the Court concluded that the debt arose under California law. The *Ramirez* court then held the debt dischargeable because, under California law, a support right does not accrue in favor of a custodial parent or child until a court order exists establishing the noncustodial parent's support duty. *Id.* at 1497, 1498 n. 3.

In *Visness,* 57 F.3d 775, the Ninth Circuit considered a virtually identical factual scenario and affirmed its prior decision in *Ramirez.* In *Visness,* Mrs. Visness received AFDC on behalf of three minor children. Before receiving the assistance, she assigned to the County any accrued rights to support that either she or her children possessed. At the time she executed the assignment, however, she had not obtained a judicial decree or court order with respect to Mr. Visness' support obligations. The County then sought reimbursement from Mr. Visness for AFDC payments previously paid. Mr. Visness then filed a voluntary petition for bankruptcy under Chapter 7, listing the County as a creditor. The bankruptcy court subsequently concluded, based on *Ramirez,* that Mr. Visness' debt to the County was dischargeable. *Visness,* 57 F.3d at 777.

In *Visness,* the Ninth Circuit followed its prior decision in *Ramirez* and rejected the County's arguments for avoiding stare decisis. First, the Court noted that recent California authorities supported the *Ramirez* Court's conclusion that "without a preexisting court decree establishing the non-custodial parent's support duty, there is no outstanding right to reimbursement for child support." *Visness,* 57 F.3d at 779 (quoting *Crider v. Superior Court,* 15 Cal. App.4th, 227, 232 n. 5, 18 Cal.Rptr.2d 757 (1993)). Second, the *Visness* Court noted that two amendments to § 523(a)(5)—in 1984 and 1986—did not alter the requirement that a dischargeable debt "must represent an assignment to the County of rights that have accrued to a 'spouse, former spouse, or child of the debtor.'" *Id.* at 780 (quoting 11 U.S.C. § 532(a)(5)). Because Mrs. Visness had not established her children's' right to Mr. Visness' parental support when she executed the assignment of her rights to the County, the Ninth Circuit concluded that she "could not, and did not, assign to the County a debt owed to her or her children." *Id.* Accordingly, the *Visness* Court concluded that *Ramirez* applies to the dischargeability of support obligations assigned under 42 U.S.C. § 602(a)(26).

The Ninth Circuit's decisions in *Ramirez* and *Visness,* considered 11 U.S.C. § 523(a)(5). Since those decisions, Congress passed the Personal Responsibility and Work Opportunity Reconciliation Act of 1996 (the "Welfare Reform Act"), Pub.L. No. 104–193. The Welfare Reform Act, among other things, amended § 523(a). The version of 11 U.S.C. § 523(a)(5) applicable to this case renders debts nondischargeable that are owed:

> to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record, determination made in

---

(A) such a debt is assigned to another entity, voluntarily, by operation of law, or otherwise (other than debts assigned pursuant to section 402(a)(26) of the Social Security Act [42 U.S.C. § 602(a)(26) ]).

*Id.* § 523(a)(5)(A).

Section 602(a)(26) provides, in part:

as a condition of eligibility for aid, each applicant or recipient will be required—

(A) to assign the State any rights to support from any other person such applicant may have (i) in his own behalf or in behalf of nay other family member for whom the applicant is applying for or receiving aid, and (ii) which have accrued at the time such assignment is executed.

42 U.S.C. § 602(a)(26).

As will be discussed below, § 523(a)(5) has since been amended.

accordance with State or territorial law by a governmental unit, or property settlement agreement, but not to the extent that—

> (A) such debt is assigned to another entity, voluntarily, by operation of law, or otherwise (other than debts assigned pursuant to section 402(a)(26) of the Social Security Act [42 U.S.C. § 602(a)(26) ], or any such debt which has been assigned to the Federal Government or to a State or any political subdivision of such State).

*Id.* § 523(a)(5)(A).

In this case, Ms. Coker and Mr. Coker separated. As in *Visness,* and *Ramirez,* Ms. Coker assigned any accrued support rights she had to the County in exchange for AFDC. At that time, however, Ms. Coker did not have an agreement or court order for support from Mr. Coker. Thus, it appears that Mr. Coker's debt is dischargeable under 11 U.S.C. § 523(a)(5). *See Visness,* 57 F.3d at 781 (holding that a support decree or settlement agreement must be in place for an assignable right of support to exist); *Ramirez,* 795 F.2d at 1498 n. 3 (same); *In re Cervantes,* 212 B.R. 643, 647 (Bankr.N.D.Cal.1997) (holding pre-judgment arrearages dischargeable because the AFDC recipient did not possess any accrued support rights which she could assign to the County when she applied for assistance).

If the Welfare Reform Act merely amended § 523(a)(5), the Court would conclude that Mr. Coker's debt is dischargeable under the Ninth Circuit's decisions in *Visness* and *Ramirez.* The Welfare Reform Act, however, also amended other provisions relating to the dischargeability of support obligations. Thus, the Court must analyze those provisions as well.

First, the Welfare Reform Act added an entirely new provision to 11 U.S.C. § 523(a)—subsection 18. That subsection provides for the nondischargeability of a debt:

> owed under State law to a State or municipality that is:
>
> (A) in the nature of support, and
>
> (B) enforceable under part D of title IV of the Social Security Act [42 U.S.C. § 601, *et seq.*]

11 U.S.C. § 523(a)(18).[3]

In addition to adding § 523(a)(18), the Welfare Reform Act also amended 42 U.S.C. § 656(b). Section 656(b), similar to § 523(a)(18), provides:

> A debt (as defined in section 101 of Title 11) owed under State law to a State (as defined in such section) or municipality (as defined in such section) that is in the nature of support and that is enforceable under this part is not released by a discharge in bankruptcy under Title 11.

42 U.S.C. § 656(b).

Neither § 656(b) nor § 523(a)(18) define the term "in the nature of support." The Welfare Reform Act did, however, provide a new definition of "support order." 42 U.S.C. § 653(p) defines "support order" as:

> *[A] judgment, decree, or order,* whether temporary, final, or subject to modification, issued by a court or an administrative agency of competent jurisdiction, for the support and maintenance of a child, including a child who has attained the age of majority under the law of the issuing State, or of the parent with whom the child is living, *which provides*

---

**3.** In this case, the parties do not dispute that the debt: (1) is owed under State law; (2) is owed to a municipality; and (3) is enforceable under part D of title IV of the Social Security Act. *See In re Leibowitz,* 218 B.R. 96, 101 (Bankr.C.D.Cal.1998) (analyzing 11 U.S.C. § 523(a)(18) and revised 42 U.S.C. § 656, and concluding that a debt for reimbursement to the County is enforceable under part D of title IV of the Social Security Act); *see also State of Ohio v. Barron,* 52 Cal.App.4th 62, 71–72, 60 Cal.Rptr.2d 342 (1997) (concluding that Cal. Welf. & Inst.Code § 11350 is enforceable under part D of title IV of the Social Security Act). Thus, in analyzing the scope and meaning of § 523(a)(18), the critical inquiry in this case is whether the debt is "in the nature of support".

*for* monetary support, health care, *arrearages, or reimbursement*, and which may include related costs and fees, interest and penalties, income withholding, attorneys' fees, and other relief.

42 U.S.C. § 653(p) (emphases added).

The modified § 653(p), unlike its predecessor, broadly defines "support order" to include a judgment for "arrearages or reimbursement." *Id.* This broad definition supports the conclusion that § 523(a)(18) differs from § 523(a)(5). Thus, § 523(a)(18), unlike § 523(a)(5)(A), provides for nondischargeability for debts arising from a state's efforts to obtain reimbursement for welfare payments made to for either child or spousal support are not dischargeable.

> 'Both section 523(a)(18) of the Bankruptcy Code and the comparable amendment to the Social Security Act appear to overlap section § 523(a)(5)(A) of the Code which has since 1981 excepted from discharge support obligations that were assigned to a state.... In light of the substantial delegation of authority from the federal government to the states in the area of public welfare and assistance, perhaps section 523(a)(18) is designed to eliminate any question as to the nondischargeability of state and municipal claims against support obligors.'

*See In re Leibowitz*, 218 B.R. 96, 99 (Bankr.C.D.Cal.1998) (quoting 4 Lawrence P. King, *Collier on Bankruptcy* ¶ 523.24 at 523–109).

For these reasons, the Court finds that public assistance reimbursement constitutes a debt "in the nature of support" and is nondischargeable under 11 U.S.C. § 532(a)(18).

## V. Conclusion

For all these reasons, the Court hereby REVERSES the judgment entered against the County.

**SO ORDERED.**