**In re Paul Alan LEIBOWITZ.**

**Paul Alan LEIBOWITZ, Plaintiff,**

**v.**

**COUNTY OF ORANGE; and Michael R. Capizzi, District Attorney of County of Orange.**

**Bankruptcy No. ND 96–14014 RR. Adversary No. 97–1089.**

United States Bankruptcy Court, C.D. California, Northern Division.

April 9, 1998.

Lina Foltz, Oakland, CA, for Plaintiff.

Teresa A. Hicks, Deputy District Attorney, Santa Ana, CA, for Defendants.

Brian Fittipaldi, Santa Barbara, CA, Office of the U.S. Trustee, Los Angeles, CA, for U.S. Trustee.

Michael Kogan, Los Angeles, CA, for Chapter 7 Trustee.

## MEMORANDUM OPINION

ROBIN L. RIBLET, Bankruptcy Judge.

### I.  BACKGROUND

The facts are not in dispute.  In March 1991, the debtor's former spouse, Sondra Leibowitz, applied for and received public assistance on behalf of herself, and her and the debtor's minor children.  In so doing, Ms. Leibowitz assigned to the County of Orange (hereinafter "County") all rights to support from any person she had on her own behalf and on behalf of her minor children by operation of law pursuant to Cal. Welf. & Inst.Code § 11477 and 42 U.S.C. § 602(a)(26)(A).

On May 12, 1992, the County obtained a judgment against the debtor pursuant to Cal. Welf. & Inst.Code §§ 11350 and 11475.1 for child support in the amount of $372 per month, and for $5,580 for reimbursement of public assistance provided for his children. On June 5, 1996, a stipulation and order was entered into by the debtor and the County reaffirming the prior welfare reimbursement debt.

On September 27, 1996, the debtor filed a voluntary Chapter 7 petition which listed the County as a creditor.  On November 1, 1996, the debtor's driver's license was suspended pursuant to a collection action by the County for non-compliance with the judgment for reimbursement.  On December 31, 1996, the debtor was granted a discharge of all dischargeable debts.  On March 6, 1997, the County caused to be served an Earnings Withholding Order upon the debtor's employer.  Currently, fifty percent of the debtor's income is being withheld by the debtor's employer and surrendered to the County pursuant to the Earnings Withholding Order.

The instant adversary complaint was filed by the debtor, Paul Leibowitz, on April 8, 1997, against Defendants, the County and the District Attorney for the County, seeking to enjoin actions in violation of discharge, and for determination of dischargeability.  At a hearing on the debtor's Motion for Preliminary Injunction on May 12, 1997, this court held that the suspension of the debtor's driver's license was void as being in violation of the automatic stay.  The debtor's Motion for Preliminary Injunction was otherwise denied.

Defendants brought the instant motion for summary judgment contending that the debt is not dischargeable due to the recent amendments to the Bankruptcy Code and part D of Title IV of the Social Security Act, which changes became effective August 23, 1996.  The debtor opposed the motion, contending that because the reimbursement obligation here arose prior to any order for support, the debt is not enforceable under part D and therefore is not within the exception to discharge provision of § 523(a)(18).[1] The debtor relies upon two Ninth Circuit opinions decided under § 523(a)(5) which held that an obligation for reimbursement of Aid for Families with Dependent Children (AFDC) payments arising prior to a support order, was dischargeable.  *Visness v. Contra Costa County (In re Visness)*, 57 F.3d 775 (9th Cir.1995), *cert. denied*, 516 U.S. 1099, 116 S.Ct. 828, 133 L.Ed.2d 770 (1996), and *County of Santa Clara v. Ramirez (In re Ramirez)*, 795 F.2d 1494 (9th Cir.1986), *cert. denied*, 481 U.S. 1003, 107 S.Ct. 1624, 95 L.Ed.2d 198 (1987).

### II.  DISCUSSION

The passage of Public Law No. 104–193,[2] the Personal Responsibility and Work Oppor-

---

1.  All citations are to the Bankruptcy Code, unless otherwise noted.

2.  110 Stat. 2105 (1996).

tunity Reconciliation Act of 1996, also known as the Welfare Reform Act, signed on August 22, 1996, amended 11 U.S.C. § 523(a) and 42 U.S.C. § 656(b). The effective date with respect to bankruptcy cases is the date of enactment, August 22, 1996.[3] Because the debtor filed his petition on September 27, 1996, the amendment is applicable in this case. The debtor does not dispute the applicability of the new amendments.

The amendment of § 523(a) of the Bankruptcy Code added subsection (18), which provides for the nondischargeability of a debt:

> owed under State law to a State or municipality that is:
>
> (A) in the nature of support, and
>
> (B) enforceable under part D of title IV of the Social Security Act.
>
> 11 U.S.C. § 523(a)(18).

Based upon the language of § 523(a)(18), the only salient factors which must be present for a debt to be nondischargeable under § 523(a)(18) are: 1) the debt is owed under State law, 2) the debt is owed to a State or municipality, 3) the debt is in the nature of support, and 4) the debt is enforceable under part D of title IV of the Social Security Act (42 U.S.C. § 601 et seq.). Each factor will be discussed separately, although the debtor appears to dispute the existence of only two factors—that the debt is in the nature of support and/or that the debt is enforceable under part D.

### A. The Debt is Owed under State Law

The debt is a welfare reimbursement order originally ordered in 1992 under Cal. Welf. & Inst.Code §§ 11350 & 11475.1, and renewed by stipulation in 1996 under Cal. Welf. & Inst.Code §§ 11350.1 and 11475.1. The current Cal. Welf. & Inst.Code § 11350(a) states that in a case of separation or desertion which results in aid being granted, the noncustodial parent is obligated to the county in an amount equal to either (1) the amount specified in a support order, or, in the ab-

sence of such order, (2) the amount of support which would have been specified in an order for the support and maintenance of the family during the period of separation or desertion. Cal. Welf. & Inst.Code § 11350(c) provides that the amount of the obligation established under paragraph (2) of subdivision (a) "shall be determined by using the appropriate child support guidelines currently in effect."

The Judgment here, renewed by Stipulation executed by the debtor and his legal counsel on June 5, 1996, is pursuant to the Cal. Welf. & Inst.Code and is thus a debt owed "under state law."

### B. Debt is Owed to a State or Municipality

The Stipulation renewing the Judgment states that the debt is owed to the County, which is a municipality as a political subdivision of the State. 11 U.S.C. § 101(40).

### C. Debt is in the Nature of Support

■ The Stipulation renewing the Judgment states the debt is owed for public assistance provided to the debtor's family. The Judgment likewise termed the obligation "reimbursement of public assistance provided" for the minor children. The public assistance was provided for the support of the minor children. The fact that the debt now takes the form of reimbursement to the County does not alter the original purpose of the public assistance which was paid out by the County. That purpose was the support of the debtor's minor children. Thus, the underlying debt is "in the nature of support."

### D. Debt is enforceable under part D of title IV of the Social Security Act

The fourth and final requirement of nondischargeability under § 523(a)(18) is that the debt be enforceable under part D of title IV of the Social Security Act. In conjunction with the amendment of § 523(a), the Welfare Reform Act also amended 42 U.S.C. § 656(b), effective August 22, 1996.[4] Subse-

---

**3.** Section 374(c) of Pub.L. No. 104–193, 110 Stat. 2105 (1996) provides:

> The amendments made by this section shall apply only with respect to cases commenced

under title 11 of the United States Code after the date of the enactment of this Act.

**4.** Amendment by section 374 of Pub.L. No. 104–193, 110 Stat. 2105 (1996) applies only with respect to cases commenced under Title 11 after

quently, in 1997, 42 U.S.C. § 656(a) was also amended.[5] Whereas the previous version of 42 U.S.C. § 656(b) provided that a "debt which is a child support obligation assigned to a State under section 602(a)(26) . . . is not released by a discharge in bankruptcy," the amended version of 42 U.S.C. § 656, in its entirety, now provides as follows:

**(a) Collection processes**

(1) The support rights assigned to a State or secured on behalf of a child receiving foster care maintenance payments shall constitute an obligation owed to such State by the individual responsible for providing such support. Such obligation shall be deemed for collection purposes to be collectible under all applicable State and local processes pursuant to section 608(a)(3) of this title.

(2) The amount of such obligation shall be—

(A) the amount specified in a court order which covers the assigned support rights, or

(B) if there is no court order, an amount determined by the State in accordance with a formula approved by the Secretary.

(3) Any amounts collected from a noncustodial parent under the plan shall reduce, dollar for dollar, the amount of his obligation under subparagraphs (A) and (B) of paragraph (2).

**(b) Nondischargeability**

A debt (as defined in section 101 of Title 11) owed under State law to a State (as defined in such section) or municipality (as defined in such section) that is in the nature of support and that is enforceable under this part is not released by a discharge in bankruptcy under Title 11.

42 U.S.C. § 656 (West Supp.1998).

Thus, under the newly added § 523(a)(18) and the revised 42 U.S.C. § 656, a debt in the nature of support is not necessarily "child support," and yet a debt "in the nature of support" may be enforceable under part D of the Social Security Act.

There is scant legislative history relative to the Congressional intent of the language contained at § 523(a)(18) and 42 U.S.C. § 656. H.R. Conf. Rep. No. 104–725, 104th Cong., 2nd Sess. (1996) provides only a brief explanation as to the effect of the House bill (H.R. 3734, 104th Cong., 2d Sess. (1996)) on bankruptcy cases:

Title 11 of the U.S. Code and Title IV–D of the Social Security Act are amended to ensure that a debt owed to the State "that is in the nature of support and that is enforceable under this part" cannot be discharged in bankruptcy proceedings. This amendment applies only to cases initiated under Title 11 after enactment of this Act. H.R. Conf. Rep. No. 104–725, 104th Cong., 2d Sess. at 375 (1996), *reprinted in* 1996 U.S.C.C.A.N. 2649, 2763.

H.R.Rep. No. 104–651, 104th Cong., 2d Sess. (1996) contains the identical language in the section entitled, "Explanation of provision." [6] *Collier on Bankruptcy* has said only:

Both section 523(a)(18) of the Bankruptcy Code and the comparable amendment to the Social Security Act appear to overlap section 523(a)(5)(A) of the Code which has since 1981 excepted from discharge support obligations that were assigned to a state or a political subdivision of a state. There is no legislative history to further illuminate the purpose of this apparently redundant legislation. In light of the substantial delegation of authority from the federal government to the states in the area of public welfare and assistance, perhaps section 523(a)(18) is designed to eliminate any question as to the nondischargeability of state and municipal claims against support obligors. 4 Lawrence P. King, *Collier on Bankruptcy* ¶ 523.24 at 523–109 (15th ed. revised 1997).

---

Aug. 22, 1996. 42 U.S.C. § 656 (West Supp. 1998).

**5.** The amendment to subsection (a)(1) by section 5513(a)(3) of Pub.L. 105–33, 111 Stat. 251 (1997) was made effective as if the amendments had been included in section 108 of the Personal Responsibility and Work Opportunity Reconcilia-

tion Act of 1996 at the time such section 108 became law. 42 U.S.C. § 656 (West Supp.1998).

**6.** H.R.Rep. No. 104–651, 104th Cong., 2d Sess. at 1438 (1996), *reprinted in* 1996 U.S.C.C.A.N. 2183, 2497.

Under *Visness v. Contra Costa County (In re Visness)*, 57 F.3d 775 (9th Cir.1995), *cert. denied*, 516 U.S. 1099, 116 S.Ct. 828, 133 L.Ed.2d 770 (1996) and *County of Santa Clara v. Ramirez (In re Ramirez)*, 795 F.2d 1494 (9th Cir.1986), *cert. denied*, 481 U.S. 1003, 107 S.Ct. 1624, 95 L.Ed.2d 198 (1987), the Ninth Circuit has held that § 523(a)(5) did not except from discharge reimbursement judgments in favor of municipalities under Cal. Welf. & Inst.Code § 11350, which were assigned to the municipality prior to the existence of a court decree for support.

At the time *Visness* and *Ramirez* were decided, 42 U.S.C. § 602(a)(26) had provided that as a condition to eligibility, the applicant was required to assign to the State support rights which "have accrued at the time such assignment is executed." The Ninth Circuit in *Ramirez* determined that because the debtor was under no support order or dissolution decree at the time Mrs. Ramirez assigned her support rights to the county, Mrs. Ramirez had no accrued rights to assign. Thus, the Ninth Circuit concluded that Mr. Ramirez's debt to the County for reimbursement of AFDC payments did not arise from Mrs. Ramirez's assignment. The debt fell outside the scope of 42 U.S.C. § 602(a)(26) and was therefore not subject to the nondischargeability provision of 42 U.S.C. § 656(b).

Nine years subsequent to the *Ramirez* decision, and after 1984 and 1986 amendments broadening the scope of nondischargeable support obligations under § 523(a)(5) to include those arising from any "order of a court of record," the Ninth Circuit rendered its decision in *Visness*. *Visness* was also based upon an assignment made prior to the issuance of any court decree for support. The Ninth Circuit held that *Ramirez* still controlled. At the time Mrs. Visness executed her assignment to the County there was no court order for support, and thus, no right of support had accrued in favor of Mrs. Visness or the children. Mrs. Visness could not, and did not, assign to the County a debt owed to her or her children by Mr. Visness. Correspondingly, Mr. Visness's obligation to the county did not derive from a debt to a spouse, former spouse, or child of the debtor. The debt was held dischargeable.

■ However, since the rendering of the *Visness* and *Ramirez* opinions, § 523(a)(18) was added to the Bankruptcy Code and 42 U.S.C. § 656 was revised. By so doing, there must have been some situation which Congress had in mind to cover which was not already covered by § 523(a)(5). Moreover, 42 U.S.C. § 602(a)(26) was repealed effective July 1, 1997, and definitions of "support order" and "child support" contained in part D were modified to specifically include "arrearages or reimbursement." 42 U.S.C. § 662(b) previously defined the term "child support" to mean:

> [P]eriodic payments of funds for the support and maintenance of a child or children with respect to which such individual has such an obligation, and (subject to and in accordance with State Law) includes but is not limited to, payments to provide for health care, education, recreation, clothing, or to meet other specific needs of such a child or children; such term also includes attorney's fees, interest, and court costs, when and to the extent that the same are expressly made recoverable as such pursuant to a decree, order, or judgment issued in accordance with applicable State law by a court of competent jurisdiction.

42 U.S.C. § 662 (West 1991).

After the repeal of 42 U.S.C. § 662,[7] new definitions of "child support" and "support order" appeared at 42 U.S.C. §§ 653(p) and 659(i)(2), both of which sections became effective upon the date of the enactment of Pub.L. 104–193 (Aug. 22, 1996). 42 U.S.C. § 659(i)(2) now provides:

> **Child support.**—The term "child support," when used in reference to the legal obligations of an individual to provide such support, means amounts required to be paid under a judgment, decree, or order, whether temporary, final, or subject to modification, issued by a court or an administrative agency of competent jurisdiction, for the support and maintenance of a child, including a child who has attained

---

**7.** 42 U.S.C. § 662 was repealed effective 6 months after Aug. 22, 1996, pursuant to section 362(d) of Pub.L. 104–193, 110 Stat. 2105 (1996). 42 U.S.C. § 662 (West Supp.1998).

the age of majority under the law of the issuing State, or a child and the parent with whom the child is living, which provides for monetary support, health care, *arrearages or reimbursement,* and which may include other related costs and fees, interest and penalties, income withholding, attorney's fees, and other relief.

42 U.S.C. § 659(i)(2) (emphasis added) (West Supp.1998).

Similarly, 42 U.S.C. § 653(p) now defines "support order" to mean:

[A] judgment, decree, or order, whether temporary, final, or subject to modification, issued by a court or an administrative agency of competent jurisdiction, for the support and maintenance of a child, including a child who has attained the age of majority under the law of the issuing State, or a child and the parent with whom the child is living, which provides for monetary support, health care, *arrearages or reimbursement,* and which may include other related costs and fees, interest and penalties, income withholding, attorney's fees, and other relief.

42 U.S.C. § 653(p) (emphasis added) (West Supp.1998).

In addition to these newly changed definitions which now specifically include "arrearages and reimbursement" as "child support," the California Court of Appeal determined that Cal. Welf. & Inst.Code § 11350 was enforceable under part D of title IV of the Social Security Act in *State of Ohio v. Barron,* 52 Cal.App.4th 62, 60 Cal.Rptr.2d 342 (1997). The Court there recognized that California has chosen to participate in the AFDC benefit program and that in order to receive federal funding under the AFDC program, the state's plan must conform with the requirements of federal statutes and regulations. The Court explained:

Additionally, the state is required to adopt a child support program that is in substantial compliance with title IV–D of the Social Security Act, [citations omitted]. As a condition to receiving AFDC, federal law requires a recipient to assign to the state any rights to support which they may have. [citations omitted] .... Under federal law, support rights assigned by an AFDC recipient constitute an obligation owed to the state. (42 U.S.C.A. § 656(a)(1).) The amount of such obligation is:

"(A) the amount specified in a court order which covers the assigned support rights, or

"(B) if there is no court order, an amount determined by the State in accordance with a formula approved by the Secretary, ...." (42 U.S.C.A. § 656(a)(2).)

.... Thus, regardless of whether there is a court order, federal rules dictate a state must employ the same formula for computing the amount due from a noncustodial parent. *Id.,* at 71–72, 60 Cal.Rptr.2d 342.

At the end of part I of that decision, which was the only part certified for publication, the Court stated:

By amending [Cal. Welf. & Inst.Code] section 11350, the Legislature did nothing more than conform the California child support recovery scheme with federal law and regulations, to ensure continued access to a federal program that benefits all the citizens of the state. Thus, there is a rational basis for treating defendant differently from those parents whose children the state does not support. *Id.,* at 76, 60 Cal.Rptr.2d 342.

Therefore, I conclude that the debt for reimbursement to the County, arising under Cal. Welf. & Inst.Code § 11350, is enforceable under part D of title IV of the Social Security Act.

I find that all the qualifications for nondischargeability set forth in 42 U.S.C. § 656(b) and 11 U.S.C. § 523(a)(18) exist. The debtor owes a debt under State law, i.e., under Cal. Welf. & Inst.Code § 11350, to the County, which is in the nature of support that the County provided to the debtor's children prior to a court order requiring support. Furthermore, based on *Ohio v. Barron,* and the changes in definitions with respect to "support orders" and "child support" found in part D of title IV of the Social Security Act, this is a debt that is enforceable under part D of title IV of the Social Security Act.

The debt is therefore excepted from discharge under § 523(a)(18) and summary

judgment is accordingly granted to the Defendants.