In re Paul Alan LEIBOWITZ, Debtor.

Paul Alan Leibowitz, Appellant,

v.

County of Orange, and Michael R. Capizzi, District Attorney, Appellees.

BAP No. CC–98–1045–JBRi.
Bankruptcy No. ND 96–14014 RR.
Adversary No. ND 97–1089 RR.

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Submitted Sept. 18, 1998.

Decided Feb. 22, 1999.

Lina Foltz, Oakland, CA, for Paul Alan Leibowitz.

Mary A. Roth, Office of the State Attorney General, San Francisco, CA, for County of Orange.

Before JONES, BRANDT, and RIMEL [1], Bankruptcy Judges.

## OPINION

JONES, Bankruptcy Judge.

Debtor appeals from the bankruptcy court's order granting summary judgment in favor of Orange County. The bankruptcy court ruled that the Orange County's judgment for reimbursement of AFDC payments made to the Debtor's former spouse on behalf of the debtor's minor children was a non-dischargeable obligation pursuant to 11 U.S.C. § 523(a)(18). The Debtor claims the bankruptcy court erred in holding that (1) the claims for the AFDC payments were "in the nature of support," and (2) that the judgment is enforceable under Part D of Title IV of the Social Security Act. The Debtor further contends on appeal that the reimbursement statute which forms the basis of the judgment violates the Supremacy Clause, as applied. We AFFIRM.

## I. FACTS

The operative facts are undisputed. Paul Leibowitz (the Debtor) and his former spouse, Sondra Leibowitz, separated in early 1991. On or about February 4, 1991, Sondra Leibowitz applied for public assistance on behalf of the minor children under the Aid to Families with Dependent Children (hereinafter "AFDC") program. Pursuant to California law, at the time Ms. Leibowitz applied for AFDC benefits, she assigned to the County of Orange (the "County") all rights she and her minor children had to support from any person.

In July of 1991 the County filed a complaint against the Debtor seeking an order

1. Hon. Whitney Rimel, Bankruptcy Judge for the Eastern District of California, sitting by designa-tion.

for child support and reimbursement for the AFDC payments. On May 12, 1992, the County obtained a judgment against the Debtor pursuant to Cal. Welf. & Inst.Code §§ 11350 and 11475.1 for child support in the amount of $375 per month, and for $5,580 for reimbursement of AFDC payments provided for the children.

On September 2, 1992, the California Superior Court entered a marital dissolution judgment. Pursuant to that judgment the court ordered the Debtor to continue to pay child support according to the terms of the May 12, 1992, child support order. In August of 1995, the child support order was modified providing for payments directly to Ms. Leibowitz rather than through the Orange County District Attorney's Office.

The AFDC reimbursement judgment remained unpaid. On June 5, 1996, the Debtor entered into a stipulated judgment with the County providing for payment of the remaining balance on the AFDC judgment in the amount of $5,572.97 plus interest of $617.77, payable in monthly installments of $75.00.

On September 27, 1996, the Debtor and his new spouse filed the present chapter 7 petition listing the County as a creditor. In November of 1996, pursuant to California law, the Debtor's driver's license was suspended due to the unpaid AFDC reimbursement judgment. However, the Debtor did not learn of this fact until April of 1997.

On December 31, 1996, the bankruptcy court granted the Debtor and his wife a discharge. In March of 1997, the County served an earnings withholding order on the Debtor's employer for a delinquent family support obligation.

On April 8, 1997, the Debtor filed an adversary action seeking a determination of dischargeability and damages. The Debtor also sought a preliminary injunction against the earnings withholding and suspension of the Debtor's driver's license. The County filed an answer to the complaint.

On May 12, 1997, the bankruptcy court held a hearing on the Debtor's motion for preliminary injunction. The bankruptcy court ruled that the driver's license suspension was void as being in violation of the automatic stay, but in all other respects denied the Debtor's motion for preliminary injunction. Although the bankruptcy court denied the Debtor's motion for preliminary injunction, the County released the Debtor's wage garnishment in May of 1997.

On August 22, 1997, the County filed its motion for summary judgment. The County contended that recent amendments to the Bankruptcy Code, and Part D of Title IV of the Social Security Act, rendered the AFDC Judgment non-dischargeable. The Debtor opposed the County's motion contending that because the reimbursement obligation arose prior to a support order, the debt is not enforceable under part D and therefore is not excepted from discharge pursuant to § 523(a)(18).

The bankruptcy court heard oral argument on the motion on November 18, 1997. At the conclusion of the hearing the bankruptcy court held that the Debtor's pre-petition debt for the AFDC judgment was non-dischargeable pursuant to § 523(a)(18) of the Bankruptcy Code. Debtor filed his notice of appeal on January 14, 1998. The bankruptcy court entered its order granting the County's motion for summary judgment on January 27, 1998. This appeal followed.[2]

## II. ISSUE

Whether the bankruptcy court erred in holding that the AFDC judgment was non-dischargeable pursuant to § 523(a)(18).

## III. STANDARD OF REVIEW

The bankruptcy court's grant of a motion for summary judgment is reviewed de novo, as are the court's conclusions of law determined therein. *In re Goscicki,* 207 B.R. 893, 895 (9th Cir. BAP 1997); *Wolkowitz v. Shearson Lehman Brothers, Inc., (In re Weisberg),* 193 B.R. 916, 921 (9th Cir. BAP 1996). Whether a debt is dischargeable is a question of law reviewed de novo. *In re*

---

2. The bankruptcy court's decision was later published and can be found at 218 B.R. 96 (Bankr. C.D.Cal.1998).

*Kritt,* 190 B.R. 382, 385 n. 3 (9th Cir. BAP 1995).

### IV.  DISCUSSION

The Debtor contends that the bankruptcy court erred in holding that the County's judgment debt was not dischargeable in the Debtor's bankruptcy case. The bankruptcy court ruled that the County's judgment was not dischargeable pursuant to § 523(a)(18). Section 523(a)(18) provides:

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

(18) owed under State law to a State or municipality that is—

(A) in the nature of support, and

(B) enforceable under part D of title IV of the Social Security Act (42 U.S.C. 601 et seq.).

11 U.S.C. § 523(a)(18) (1996). The Debtor does not dispute that there is a debt owing to a municipality. However, the Debtor does dispute that the debt was in the nature of support and that the debt was enforceable under part D of title IV of the Social Security Act. We will address these contentions in turn.

*A.  The bankruptcy court did not err in holding that the County's judgment was in the nature of support.*

The bankruptcy court ruled that the AFDC judgment debt was in the nature of support. The bankruptcy court reviewed the June 5, 1996, stipulation which renewed the AFDC judgment. The court found that the Debtor conceded in the stipulation that the debt was "owed for public assistance provided to the debtor's family," and the judgment based on it termed the obligation "reimbursement of public assistance provided" on behalf of the minor children. The bankruptcy court noted that "the fact that the debt now takes the form of reimbursement to the County does not alter the original purpose of public assistance which was paid out by the County." *In re Leibowitz,* 218 B.R. 96, 98 (Bankr.C.D.Cal.1998). Consequently, the bankruptcy court concluded that the underlying debt was in the nature of support.

On appeal the Debtor contends that the bankruptcy court erred in holding that the debt was in the nature of support. In making the argument, Debtor blurs the distinction between "child support" as defined under state law and § 523(a)(18)'s requirement that the debt be "in the nature of support." Debtor cites cases where debts were not considered to be "child support" and urges the Panel to adopt the reasoning of these cases. However, these cases were interpreting whether a judgment was specifically "child support" as defined by state law. These cases do not deal with § 523(a)(18)'s comparatively broad category of debts "in the nature of support."

█ Whether a debt is in the "nature of support" and is therefore not dischargeable in bankruptcy is a question of federal law. *In re Shaver,* 736 F.2d 1314, 1316 (9th Cir. 1984). In the present case the bankruptcy court found that AFDC payments made to the Debtor's spouse on behalf of the Debtor's minor children were in the "nature of support." The bankruptcy court did not err in that determination. Previous decisions from this circuit have found a number of monetary payments to be "in the nature of support." *Beaupied v. Chang (In re Chang),* 163 F.3d 1138 (9th Cir.1998) (debts for professional fees and guardian ad litem were held in the nature of support); *In re Gionis,* 170 B.R. 675 (9th Cir. BAP 1994), *aff'd,* 92 F.3d 1192 (9th Cir.1996) (reimbursement to spouse for attorney's fees incurred in custody dispute found to be in the nature of support); *Shaver,* 736 F.2d at 1316 (even though state law did not provide for alimony such payments would be considered "in the nature of support" for purposes of non-dischargeability in bankruptcy); *In re Stout,* 691 F.2d 859 (9th Cir.1982) (obligation of Debtor to hold former wife harmless from Small Business Administration loan deemed to be "in the nature of support").

█ Given the broad reading of "in the nature of support" demonstrated by the foregoing cases, this Panel cannot conclude that the bankruptcy court erred as a matter of law in determining that the AFDC judgment was a debt "in the nature of support."

B. *The bankruptcy court did not err in determining that the AFDC judgment was enforceable under Part D, Title IV of the Social Security Act.*

On August 22, 1996, President Clinton signed Public Law No. 104–93,[3] the Personal Responsibility and Work Opportunity Reconciliation Act of 1996, commonly known as the Welfare Reform Act (the "Act"). The Act contains amendments, deletions and additions to various sections of the United States Code. Relevant to this appeal are the changes made to Title 11 (Bankruptcy) and Title 42 (Public Health and Welfare) of the United States Code.

The Act's comprehensive change of Title 42 was made in two phases. One phase occurred on the date the Act was signed, August 22, 1996. The other changes became effective on July 1, 1997. The Debtor filed the present case between these two dates, on September 27, 1996. Therefore, the question before this panel is whether the changes in welfare law which were in effect at the time the Debtor filed his petition were enough to make this debt non-dischargeable. In order to answer this question the Panel must take a brief historical look at dischargeability litigation of child support payments.

1. *Prior to the Act, a debtor's liability on assigned child support payments were routinely discharged.*

Prior to the Welfare Reform Act of 1996, § 523(a)(18) did not exist in its present form. Consequently, governmental entities seeking reimbursement for child support payments were required to proceed against the responsible debtor under § 523(a)(5). Section 523(a)(5) provided that a debt owed "to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such child" was not dischargeable. However, if such a debt had been assigned to another entity, that debt was dischargeable unless

the assignment was pursuant to 42 U.S.C. § 602(a)(6).

42 U.S.C. § 602(a)(6) required persons applying for assistance payments to assign to the state their rights to support from any person which had then accrued at the time such assignment was made.[4] Further, 42 U.S.C. § 656(b) provided that "[a] debt which is a child support obligation assigned to a State under section 602(a)(26) ... is not released by a discharge in bankruptcy."

Therefore, under the former law, when a person applied for AFDC payments, the applicant was required to sign a form assigning his or her rights to support to the state. The state would then attempt to collect against the responsible person seeking an order for child support and reimbursement for past AFDC payments.

Two Ninth Circuit Court of Appeals cases held that a reimbursement debt owed to a state pursuant to an assignment of rights was dischargeable under § 523(a)(5). In the case of *County of Santa Clara v. Ramirez (In re Ramirez)*, 795 F.2d 1494 (9th Cir. 1986), *cert. denied*, 481 U.S. 1003, 107 S.Ct. 1624, 95 L.Ed.2d 198 (1987), the Ninth Circuit initially noted that the state was seeking to have the debts declared non-dischargeable under § 523(a)(5). Section 523(a)(5) required the debt to have been assigned to the state pursuant to 42 U.S.C. § 602(a)(26). Section 602(a)(26) required the assignment of "accrued" rights. The Ninth Circuit reasoned that because there was no court order requiring Mr. Ramirez to pay child support to Mrs. Ramirez, and because under California law the custodial parent bears full responsibility for the support of the child, Mrs. Ramirez had no "accrued" support rights to assign to the state when she applied for AFDC payments. As Mrs. Ramirez had no rights to assign, any assignment was an assignment of nothing. Consequently the Ninth Circuit held "[w]e conclude, as did both courts below, that Mr. Ramirez's debt

---

**3.** 110 Stat. 2105 (1996).

**4.** 42 U.S.C. § 602(a)(26) stated in relevant part: that, as a condition of eligibility for aid, each applicant or recipient will be required—
(A) to assign the State any rights to support from any other person such applicant may

have (i) in his own behalf or in behalf on any other family member from whom the applicant is applying for or receiving aid, and (ii) which have accrued at the time such assignment is executed. . . .

to the County did not arise from Mrs. Ramirez's assignment of accrued rights because our analysis reveals that Mrs. Ramirez had no accrued rights." *Id.* at 1497. The Ninth Circuit then discharged Mr. Ramirez's debt to the County. `

Likewise, in *Visness v. Contra Costa County (In re Visness),* 57 F.3d 775 (9th Cir.1995), *cert. denied,* 516 U.S. 1099, 116 S.Ct. 828, 133 L.Ed.2d 770 (1996), the Ninth Circuit again held that § 523(a)(5) did not bar the discharge of a debt owing to the state pursuant to an assignment under 42 U.S.C. § 602(a)(6). The Ninth Circuit reaffirmed its holding in *Ramirez* and noted that under California law, the right to support from a non-custodial parent does not accrue to a child in the custody of a parent until a court decree or agreement establishes the non-custodial parent's support duty. As there was no accrued right at the time Mrs. Visness assigned her rights to the state, the Ninth Circuit held, "In sum, *Ramirez* still applies when the question is the dischargeability of a support obligation assigned pursuant to 42 U.S.C. § 602(a)(26), and our resolution of the controversy in *Ramirez* controls the outcome of this case: Mr. Visness's debt to the County is dischargeable." *Id.* at 781.

### 2. The law begins to change.

On August 22, 1996, the President signed the Act which changed much of Title 42. On that date a few key provisions became effective. 42 U.S.C. § 656(b) which had formerly provided that "[a] debt which is a child support obligation assigned to a State under section 602(a)(26) ... is not released by a discharge in bankruptcy" was eliminated. The new section 656(b) provides:

> (b) Nondischargeability. A debt (as defined in section 101 of title 11 of the United States Code) owed under State law to a State (as defined in such section) or municipality (as defined in such section) that is in the nature of support and that is enforceable under this part is not released by a discharge in bankruptcy under title 11 of the United States Code.

42 U.S.C. § 656(b) (1996). Removed from this section was any mention of "assigned" rights or obligations. Further, the new section speaks of debts which are "in the nature of support" rather than specifically delineating "child support."

Also added on August 22, 1996, was § 523(a)(18) of the Bankruptcy Code. That section provides:

> (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—
>> (18) owed under State law to a State or municipality that is—
>>> (A) in the nature of support, and
>>> (B) enforceable under Part D of title IV of the Social Security Act (42 U.S.C. 601 et seq.).

11 U.S.C. § 523(a)(18). Unlike § 523(a)(5), the new § 523(a)(18) does not speak of "assigned" debts but simply recounts that debts owed to a state which are "in the nature of support" and enforceable under Part D are non-dischargeable.

However, 42 U.S.C. § 656(a) remained unchanged. That section provided:

> (a) Obligation to State. (1) The support rights assigned to the State pursuant to section 602(a)(26) or secured on behalf of a child receiving foster care maintenance payments shall constitute an obligation owed to such State by the individual responsible for providing such support....

42 U.S.C. § 656(a). Consequently, although new section 656(b) and § 523(a)(18) deleted any reference to the assignment of "accrued" rights, Congress failed to change § 656(a)'s reference to § 602(a)(26) which still spoke of "accrued" rights. Section 656(a)'s language was changed on July 1, 1997, but the Debtor in the present case had filed for bankruptcy protection in the interim.

### 3. The remaining Act provisions become effective.

On July 1, 1997, the remaining provisions of the Act became effective. On this date 42 U.S.C. § 656(a) was amended to delete "section 602(a)(26)"[5] and replaced with a refer-

5. Act Aug. 22, 1996, P.L. 104–193, Title I, § 108(c)(13), provides:

ence to "section 608(a)(3)."[6] 42 U.S.C. § 608(a)(3) provides in pertinent part:

(3) No assistance for families not assigning certain support rights to the State.

(A) In general. A State to which a grant is made under section 403 shall require, as a condition of providing assistance to a family under the State program funded under this part, that a member of the family assign to the State any rights the family member may have (on behalf of the family member or of any other person for whom the family member has applied for or is receiving such assistance) to support from any other person, not exceeding the total amount of assistance so provided to the family, *which accrue (or have accrued) before the date the family ceases to receive assistance under the program.*

42 U.S.C. § 608(a)(3) (1997) (emphasis added). This new provision does not require applicants for assistance to assign their support rights which have already accrued, but rather the applicant assigns rights which will accrue "before the date the family ceases to receive assistance." Under this new formulation, the state may obtain a court order for child support and reimbursement (or to apply an approved statutory formula for determining such support) before the applicant ceases to receive assistance. This court order (or determination) would give rise to a valid right which could be assigned and which would accrue "before the date the family ceases to receive assistance."

Under this new statutory scheme, the Ninth Circuit's holdings in *Ramirez* and *Visness* are no longer applicable. Had the Debtor filed for bankruptcy after July 1, 1997, there is little doubt that the Debtor's obligation owing to the County would be non-

dischargeable. However, the Debtor here filed for bankruptcy protection after Congress had changed some of Title 42 but before the changes to the remaining sections went into effect. Thus, this Panel is faced with interpreting a law which, at the time of the Debtor's petition, was inherently contradictory. Put simply, the question before this panel is whether the changes made by Congress prior to the Debtor's filing for bankruptcy protection were sufficient to hold the Debtor's debt to the county non-dischargeable.

*4. The bankruptcy court did not err in holding that the Debtor's debt to the County was non-dischargeable.*

We note at the outset that the complaint for non-dischargeability was not grounded on § 523(a)(5) but rather on § 523(a)(18). This distinction is critical. Whereas § 523(a)(5) required that the debt owing to the state had to be assigned pursuant to 42 U.S.C. § 602(a)(26), there is no such requirement in § 523(a)(18). Rather, § 523(a)(18) merely requires that an enforceable debt be owed.

However, the Debtor responds to this argument by noting that at the time the Debtor filed for bankruptcy protection 42 U.S.C. § 656(a), which defines an obligation owing to the state, still required an assignment of rights pursuant to § 602(a)(26). If there could be no valid assignment of rights pursuant to *Ramirez* and *Visness* there can be no enforceable debt.

The County responds to this argument by noting that the statute is irreconcilable if given this reading. The County further points out that the subsequent "clean up" amendments to 42 U.S.C. § 656(a) removed

(13) Section 456(a)(1) (42 U.S.C. 656(a)(1)) is amended by striking "under 402(a)(26)" [42 U.S.C. § 602(a)(26)].

**6.** Act Aug. 5, 1997, P.L. 105–33, Title V, Subtitle F, Chapter 1, § 5513(a)(3) provides:

(3) Insertion of language inadvertently omitted.—
Section 108(c)(13) of the Personal Responsibility and Work Opportunity Reconciliation Act of 1996 (Public Law 104–193; 110 Stat. 2166) is amended by inserting "and inserting 'pursuant

to section 408(a)(3) [42 U.S.C. § 608(a)(3) ]' " before the period.
Act Aug. 5, 1997, P.L. 105–33, Title V, Subtitle F, Chapter 1, § 5518 provides:
(b) Amendments to Parts D and E of Title IV of the Social Security Act.—The amendments made by section 5513 [above] of this Act shall take effect as if the amendments had been included in section 108 of the Personal Responsibility and Work Opportunity Reconciliation Act of 1996 at the time such section 108 became law.

any ambiguity. This Panel is persuaded by the County's argument.

■ One of the canons of statutory construction is that "[t]he plain meaning of legislation should be conclusive, except in the rare cases in which the literal application of a statute will produce a result demonstrably at odds with the intention of its drafters." *In re Been*, 153 F.3d 1034, 1036 (9th Cir.1998), *quoting, United States v. Ron Pair Enters., Inc.*, 489 U.S. 235, 242, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989). In the present case the Debtor would have this Panel conclude that the plain meaning of 42 U.S.C. § 656(a) would require a reversal of the bankruptcy court because there were no accrued rights to assign pursuant to 42 U.S.C. § 602(a)(26). However, this reading is "demonstrably at odds with the intention of [the] drafters" of the new sections.

■ The subsequent deletion of the very section the Debtor relies so heavily upon would indicate that Congress did not intend the result the Debtor urges. Further, giving the statute the reading the Debtor insists upon would set at naught new 42 U.S.C. § 656(b) and § 523(a)(18) of the Bankruptcy Code. Also illustrative of the fact that the Debtor's argument is at odds with the intention of the drafters is the fact that if this case had been filed after July 1, 1997, there is no doubt that the Debtor's debt to the County would be held non-dischargeable. Therefore, as a matter of statutory construction, we cannot conclude that the bankruptcy court erred as a matter of law in its determination that the debt owing to the County was enforceable under part D of Title IV of the Social Security Act.

*C. The Debtor's argument that California Welfare & Institutions Code § 11350 Violates the Supremacy Clause, as applied, was not raised below and will not be considered on appeal.*

■ The Debtor raises for the first time on appeal the argument that California Welfare & Institutions Code § 11350 violates the Supremacy Clause, as applied. This argu-

ment was not raised in the bankruptcy court below. Consequently, this Panel declines to address that argument on appeal. *In re Vigil Bros. Const., Inc.*, 193 B.R. 513, 520 (9th Cir. BAP 1996); *McCoy v. Bank of America (In re McCoy)*, 111 B.R. 276, 281–82 (9th Cir. BAP 1990).[7]

*D. Sanctions*

The Debtor claims the County willfully violated the Debtor's discharge in serving a wage garnishment on the Debtor's employer. The Debtor claims that this willful violation of the Debtor's discharge entitles the Debtor to recover all attorney's fees incurred in prosecuting this appeal. The County responds that this case arose after a comprehensive change in the controlling law. The County proceeded in what it believed was a legal manner given that there had been no court cases interpreting the scope of the new laws. The County further asserts that it has not waived sovereign immunity which would permit this Panel to order sanctions in the amount of the Debtor's attorney's fees.

■ We find that sanctions are not warranted. As we have held that the bankruptcy court did not err in finding that § 523(a)(18) did not discharge the Debtor's debt to the County, the County did not take any action in violation of Debtor's discharge. The County thereafter attempted to collect on its judgment by the legal process of wage garnishment. As the County was within its rights in serving the wage garnishment, we deny the Debtor's motion for attorney's fees, and we need not address sovereign immunity.

## V. CONCLUSION

The bankruptcy court correctly concluded that the Debtor's debt owing to the County was not dischargeable pursuant to § 523(a)(18). The debt was for reimbursement of AFDC payments made on behalf of the Debtor's minor children, and these payments were clearly in the nature of support. Further, the recent amendments to Title 42 and well as the Bankruptcy Code demon-

---

7. In any event, the Debtor's argument centers on the allegation that Part D only authorizes enforcement of an "accrued right." We have already disposed of that argument.

strate that the Debtor's claim that the County's debt was based on the assignment of non-existent rights is erroneous. We **AFFIRM.** The Debtor's request for sanctions is denied.